**Harley Arthur HILL, Jr., Appellant,**

**v.**

**Mary Kathleen HILL, Appellee.**

**No. 15205.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Jan. 25, 1968.

Rehearing Denied Feb. 8, 1968.

O'Neal, Waitz & Henderson, Joseph L. Waitz, Houma, La., Skipwith & Muirhead, Ray Carlton Muirhead, Houston, for appellant.

Jack Harrison, William W. McNeal, Alvin, for appellee.

PEDEN, Justice.

This is a second appeal involving the limiting of visitations of a father with his two small children. In an opinion dated June 16, 1966, the judgment of the trial court was affirmed, as it related to a divorce and to property rights; it was reversed and remanded as it related to the visitation rights of the appellant and to the custody and support of the children. The first judgment provided that the father's visits were to occur only when he had obtained written permission from the children's mother.

In the trial court this case was again tried without a jury by the same judge who had previously done so. By agreement of counsel the testimony from the previous trial was introduced and made part of the record.

Appellant is no longer seeking custody of the children. After hearing additional testimony, the trial court denied visitation to appellant; no child support payments were

ordered. Appellant, who was the defendant in the divorce and visitation proceedings, appeals from the denial of visitation rights.

The appeal lists nineteen points of error; the first asserts that it was error for the trial court to deny an oral application for a continuance based on the absence of a prospective witness.

Both sides had announced ready for trial when the hearing began earlier that day; then the appellee offered all his evidence and appellant offered the testimony of all his witnesses except that of a psychiatrist; appellant's attorney testified in support of his application for continuance that he had expected the psychiatrist to appear and testify as to the results of his recent examination of the appellant, but that he had been told the doctor was sick. No affidavits were filed in support of the motion, and opposing counsel did not consent to the continuance. The witness' unavailability by reason of illness was not properly established by the attorney's hearsay testimony; the subpoena was issued on the day of the trial and the witness' deposition had not been taken, so due diligence was not shown. The application for a continuance does not meet the requirements of Rule 251 or Rule 252, Texas Rules of Civil Procedure, and the denial of the application does not amount to an abuse of discretion. Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856 (1952).

Appellant's second point asserts that the trial judge erred in his finding of fact that appellant is not a fit and proper person to visit with the children of the parties. Appellant's basis for the point is not clear, but we assume from his argument on this point that he contends that the evidence is insufficient to support the court's finding. The children are a girl who was almost seven when the second hearing was held, and a boy (born after the parties' separation) who was almost four at the time of such hearing.

As stated in our earlier opinion in this case, at 404 S.W.2d 641, it is the general rule in Texas that the right of a parent to visit with his children placed in the custody of the other parent by the divorce decree will not be completely denied except where there are extreme grounds to support such a denial. Liddell v. Liddell (Tex.Civ. App.1930), 29 S.W.2d 868, n. w. h.

Visitation is ordinarily to be encouraged, because it is important to the normal emotional development of children for them to know that they have the interest and love of both parents. The welfare of the children is of primary importance and concern to the court, and the trial court has the duty to exercise sound discretion in determining whether a parent is morally fit to have visitation periods with the children.

While appellant denies most of the testimony about his acts of alleged misconduct, which are apparently the basis of the trial court's findings, the trial judge heard and observed the witnesses while they were testifying. It is our duty to view the conflicting evidence in the light most favorable to the findings of the trial court.

In our earlier opinion in this cause we upheld a finding by the trial court that appellant was not a fit person to see and visit the children without strict limitations and safeguards being placed upon said visitation privileges.

We now hold that the trial court's finding based on the evidence adduced at both trials that appellant was not a fit person to visit with the children is not so against the great weight and preponderance of the evidence as to be clearly wrong.

Appellant's points of error III through XIV are leveled at other findings of fact which show that appellant's unfitness is extreme enough to support a denial of visitation; appellant argues that such findings are based on insufficient evidence or no evidence.

We hold that there is sufficient evidence to support each of them with the exception

of Finding of Fact No. 11, which was attacked by appellant's Point of Error No. XI. The Finding was: "It would be impractical and unfair to the welfare of both the minor children for Defendant, Harley Arthur Hill, Jr., to be allowed to visit only with the minor son, Walter Cranford Hill." In view of our holding on appellant's second point, however, this lack of sufficient evidence is not determinative of this appeal.

Appellant's remaining five points are addressed to the conclusion of law filed by the trial court, complaining that the record fails to show that appellant is the type of person who should be denied visitation. We overrule these points. The court having found that appellant was not a proper person to visit with the children is authorized to deny such visitation. Liddell v. Liddell, supra.

The judgment of the Trial Court is affirmed.