Jan WHITE, Appellant,

v.

Gerald CHAMBERLAIN, Appellee.

No. 12302.

Court of Civil Appeals of Texas, Austin.

June 25, 1975.

E. B. Fuller, Austin, for appellant.

Barbara Anne Kazen, Friday & Kazen, Austin, for appellee.

SHANNON, Justice.

Appellee, Gerald Chamberlain, filed suit in the district court of Travis County seeking access to his son, Geoffrey Earl Chamberlain, aged six, pursuant to Tex.Family Code, V.T.C.A. § 14.03(c). In response to that suit, appellant, Jan Chamberlain White, the mother of the child and formerly appellee's wife, answered and filed a cross-action praying for a termination of the parent-child relationship between the child and appellee, as authorized by Tex.Family Code § 15.02. Upon trial to the court, judgment was entered granting appellee access to the child and denying appellant's cross-action for termination of appellee's parental rights. We will affirm that judgment.

Appellee alleged that he and appellant were married in February of 1968, and during that marriage their son was born in June of 1969. Appellant obtained a divorce in Hunt County in 1971. By the terms of the divorce decree, appellee was awarded visitation rights, and was ordered to pay support payments. Appellee pleaded further that appellant secreted herself and the child, and for a period of time he had been unable to locate them. By way of relief, appellee sought to enforce the visitation rights awarded him in the divorce decree, and in that connection, he pleaded affirma-

tively in the terms of § 14.03(c) that his access to the child would not "endanger the physical or emotional welfare" of the child.

Appellant pleaded generally that appellee had known of the whereabouts of the child, and had not evidenced any interest in visiting him up until the time suit was filed. As grounds for termination of the parent-child relationship appellant averred that appellee ". . . voluntarily left the child in possession of Cross-Petitioner [appellant] without expressing any intent to return and did so without providing for the adequate support of the child and remained away until this time." Appellant pleaded additionally that appellee failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition.

After trial, judgment was entered, reciting that ". . . the best interest of the child will be served by granting petitioner's [appellee's] prayer for access to said child under Section 14.03c (sic) of the Texas Family Code." The judgment provided further that the cross-action for termination of the parental rights of appellee be denied.

In a single point of error appellant maintains that the court erred in granting visitation rights and in denying termination of appellee's parental rights for the reason that ". . . such ruling is against the great weight and preponderance of the evidence so as to be clearly wrong and manifestly unjust."

Tex.Family Code § 14.03(c) provides:

"(c) The court may not deny possession of or access to a child to either or both parents unless it finds that parental possession or access is not in the best interest of the child and that parental possession or access would endanger the physical or emotional welfare of the child."

Tex.Family Code § 15.02 empowers the court to grant a petition terminating the parent-child relationship of a non-requesting parent upon the finding that:

"(1) the parent has:

\*     \*     \*     \*     \*     \*

"(B) voluntarily left the child alone or in the possession of another *not the parent* without expressing an intent to return, without providing for the adequate support of the child, and remained away for a period of at least three months; or

\*     \*     \*     \*     \*     \*

"(E) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition;

\*     \*     \*     \*     \*     \*

"(I) \* \* \* *and*

"(2) termination is in the best interest of the child." (Emphasis supplied)

A reading of Tex.Family Code § 14.03(c) demonstrates that the trial court may not deny access unless it is not in "the best interest of the child" and that such access would "endanger the physical or emotional welfare of the child."

■   With respect to her cross-action for termination of appellee's parental rights under § 15.02 appellant had the burden of demonstrating facts in compliance with (1)(B) or (1)(E) *and* (2) that termination was in the best interest of the child. An examination of the pleadings shows that appellant did not plead facts to come within (1)(B). That pleading, as above stated, was that appellee ". . . voluntarily left the child in possession of *Cross-Petitioner* [appellant] without expressing any intent to return . . ." With respect to (1)(E) appellant's evidence was that appellee had contributed only fifty dollars to the support of the child since the time of the entry of the divorce order. By way of excuse appellee testified that during a part of that time he had been financially unable to make support payments and that for at least some time he had been unable to locate the

child. For purposes of this opinion, however, we will assume that appellant's proof met the requirements of § 15.02(1)(E). The requirement of § 15.02(2), that termination of the parent-child relationship is in the best interest of the child, is similar to that of § 14.03(c). The determination by the district court that the best interest of the minor child was served by the allowance of access and the non-termination of appellee's parental rights is the basis for appellant's complaint on appeal.

Much of the record is concerned with the private lives of appellant and appellee in times past. Much of that testimony had no bearing upon the entry of a proper judgment.

Of relevance is the fact that appellee was formerly a user of drugs. His testimony was that he had entered upon a drug control program and that he had not taken drugs for several years. Appellee testified of his love for the child, of his past attempts to see the child, and of what he might offer the child as a parent if the court permitted access.

Though her testimony was that appellee never made any efforts to visit the child, appellant admitted that she had not wanted appellee to do so mainly for the reason that it would have upset her. Appellant testified further that at the present time she thought it unwise for appellee to see the child because it was not good ". . . for a child to have two fathers." Appellant then testified concerning the child's love for her present husband.

Both appellee and appellant placed into evidence the testimony of expert witnesses concerning whether access to the child by appellee would serve the child's best interest. Appellee called Frank C. Richardson, a professor in educational psychology at the University of Texas. Richardson testified that he had met the appellee. His impression was that the appellee had "coped" with his drug problem successfully, and that appellee seemed to present a "fairly stable and secure picture for the future." He was of the further opinion that a limited but "meaningful" contact with the child by appellee would be a "positive thing." His view that it would be advantageous for the child to know his natural father and not to shield him unnecessarily from the happenings of the past.

Appellant called George Willeford, a physician with a subspecialty in pediatrics known as "child development and behavior," and Thomas M. David, a physician specializing in adult psychiatry. Their testimony was contrary to that of Richardson. Dr. Willeford had visited with the child and his mother and her present husband. Dr. Willeford was of the view that the introduction of the natural father to the child at his age-level would shake the child's "stability and consistency," and that by such introduction the child would have "nothing to gain and a great deal to lose."

In a nonjury case the trial court is the judge of the credibility of the witnesses and the weight to be accorded their testimony. *Harrell v. Sunylan Co.,* 128 Tex. 460, 97 S.W.2d 686 (1936). Likewise, wherein there is conflicting expert testimony, the court in a nonjury case is free to adopt part or all of an expert's evaluation or theory and reject the other expert testimony. *Hood v. Texas Indemnity Insurance Co.,* 146 Tex. 522, 209 S.W.2d 345 (1948). We have reviewed the statement of facts and have concluded that the judgment is supported by probative evidence and is not contrary to the great weight and preponderance of the evidence.

The judgment is affirmed.