**Nanci Adams HOLLEY, Appellant,**

v.

**David E. ADAMS, Appellee.**

**No. 12343.**

Court of Civil Appeals of Texas, Austin.

Jan. 21, 1976.

Rehearing Denied Feb. 11, 1976.

Stephen M. Orr, Austin, for appellant.

Rogan B. Giles, Austin, for appellee.

SHANNON, Justice.

This appeal concerns the termination of a parent-child relationship. Tex. Family Code Ann. § 15.02 (1974).

Appellee, David E. Adams, filed suit in the district court of Travis County seeking a termination of the parent-child relationship between his son, David Christopher Adams, and appellant, Nanci Holley, the mother of the child and formerly appellee's wife. After trial to the court, judgment was entered terminating the parent-child relationship between the boy and appellant. We will affirm that judgment.

Appellee alleged that he and appellant had been married and that during their marriage a son, David Christopher, was born to them in February of 1966. Appellee and appellant were divorced by the district court of Travis County in 1969. By the terms of the divorce decree, appellee was awarded custody of the boy. Appellant was not ordered to pay child support. Appellee pleaded further that termination of the parent-child relationship between appellant and her son would be in the best interests of the child. As grounds for termination, appellee alleged that appellant had failed to support the child in accordance with her ability during a period of one year ending within six months of the date of the filing of the suit, and that appellant had "emotionally and actually abandoned the child."

After judgment and upon request, the court filed findings of fact and conclusions of law. The findings of fact are summarized as follows. Appellee and appellant lived together as husband and wife until the spring of 1968 when appellant moved out. Afterward appellant filed a suit for divorce against appellee, and during the

pendency of the divorce, appellant voluntarily delivered physical custody of David Christopher to appellee. At that time the child was about three years of age. Appellant did not contest the judgment awarding custody of the boy to his father. From the time appellant delivered the child to appellee in early 1969, through the date of appellee's marriage to his present wife in late 1970, appellee provided all of the shelter, clothing, food, health care, entertainment, training, education, love, and affection for the child. Following appellee's present marriage, he and his wife have acted as father and mother to the child.

Shortly after the divorce was entered, appellant was committed by her mother to the Austin State Hospital for observation and treatment. She was released from the hospital after a weekend stay. After her release she departed Austin in the company of three men with whom she made her way from Texas to the State of Washington.

Appellant married Randie Shreve in Seattle on March 14, 1970, by whom she bore a child in August of 1970. Appellant divorced Shreve in June of 1973. Appellant married her present husband, Ricky Holley, in March of 1974.

Before her marriage to Shreve appellant worked as a telephone solicitor to support herself, receiving the minimum wage. In 1972, appellant obtained employment at the University of Washington as a program advisor. At the time of trial appellant still held that position. After her divorce from Shreve, appellant filed proceedings in voluntary bankruptcy. She was discharged from her debts by the bankruptcy court in September of 1973. When appellant began her employment with the University she received $500.00 each month. In January, 1975, her salary had increased to $693.00 monthly. Though appellant's present husband is a full time student, he receives $366.00 each month from the United States government and earns about $60.00 each month as a tutor.

Since August, 1969, appellant has returned to Austin three times. Appellant's mother, as well as her son, lives in Austin. On each of the three trips to Austin, appellant has visited with her son.

Since appellant moved from Austin, she has sent a total of about $100.00 to David Christopher. Occasionally, she sent clothing and toys. At least one of the packages was returned to appellant unopened. Appellee did not refuse to accept any money tendered by appellant for support of the child. Appellee, however, did not accept a check for twenty dollars sent by appellant as a birthday present to the child during the pendency of the litigation. Appellant testified that she occasionally wrote to the child, directly, and indirectly through her mother. Appellee and his present wife denied that they refused to read to the child any letters which reached them.

David Christopher has enjoyed good health, and has a happy relationship with appellee and his step-mother. He has exhibited no behavior problems. He has attended school regularly and has made good grades.

The court found as a fact that appellant had not supported the child in keeping with her ability during a period of one year prior to filing of the petition for termination.

The district court concluded, among other things, that though appellant was not ordered to pay child support by the terms of the divorce judgment, she had a continuing duty by virtue of Tex. Family Code Ann. § 4.02 (1974) to provide support for her son. The court concluded further that appellant failed to support the child in accordance with her ability during a period of one year ending within six months of the date of filing of the petition for termination within the meaning of Tex. Family Code Ann. § 15.02(1)(E) (1974), and that such failure was not excusable under the circumstances within the meaning of Tex. Family Code Ann. § 15.02(1)(E) (1974). The court was also of the opinion that appellant, by her conduct and virtual abandonment of the

child for a period of nearly six years, had engaged in conduct which endangered the emotional well-being of the child within the meaning of Tex. Family Code Ann. § 15.-02(1)(D) (1974). Finally, the court concluded that termination of the parent-child relationship between appellant and the child was in the best interest of the child within the meaning of Tex. Family Code Ann. § 15.02(2) (1974).

Appellant attacks the dispositive findings of fact and conclusions of law of the district court by many points of error. We will not attempt to discuss the points in their order of appearance in appellant's brief.

■ Contrary to appellant's claim, the trial court concluded correctly that appellant had a continuing duty to provide support for her child even though she was not ordered to do so by the terms of the divorce decree. Each spouse has the duty to support his or her minor children. Tex. Family Code Ann. § 4.02 (1974). See *Curton v. Gordon,* 510 S.W.2d 682 (Tex.Civ.App.1974, writ ref'd n. r. e.).

Texas Family Code Ann. § 15.02 (1974) empowers the court to grant a petition terminating the parent-child relationship of a non-requesting parent upon the finding that:

"(1) the parent has:

.     .     .     .     .

"(D) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; or

"(E) failed to support the child in accordance with his ability during a period of one year ending within six months of the date of the filing of the petition;

.     .     .     .     .

"(I) . . . *and*

"(2) termination is in the best interest of the child." (Emphasis supplied)

■ With respect to his suit for termination of appellant's parental rights under § 15.02 appellee had the burden of demonstrating facts in compliance with (1)(D) or (1)(E) *and* (2) that termination was in the best interest of the child. See *White v. Chamberlain,* 525 S.W.2d 273 (Tex.Civ.App. 1975, no writ). As written previously, the district court was of the opinion that appellee discharged his burden in proving compliance with (1)(D) and (1)(E) and (2).

■ Appellant by three points of error maintains that the fact finding that she did not support her child in keeping with her ability during a period of one year prior to the filing of the petition for termination was supported by no evidence or, alternatively, that the finding was so contrary to the great weight and preponderance of the evidence so as to be manifestly unjust. We will overrule those points of error.

The petition for termination was filed on July 26, 1974. One year prior to that date appellant earned in excess of $500.00 each month. By January of 1975, she earned $693.00 monthly. It is true that she filed voluntary bankruptcy proceedings in June of 1973, but she was discharged from her debts by the bankruptcy court in September, 1973. In nearly six years appellant sent no more than $100.00 in support of her son. Though the testimony was conflicting, the trial court concluded that appellee did not refuse to accept any money tendered by appellant in support of the child. Appellant did testify that she had a policy of group health insurance presumably obtained in connection with her employment at the University, and that as a member of her family the child, David Christopher, was covered by the terms of that policy. Though appellant did send occasional packages of clothes and toys to the child, occasional gifts are not sufficient to satisfy the requirements of § 15.02(1)(E). See *Curton v. Gordon, supra.*

As we are of the opinion that the court's finding with respect to § 15.02(1)(E) is sound, it is not necessary to consider appel-

lant's points of error attacking the court's finding concerning § 15.02(1)(D).

■ As she must, appellant attacks the determination by the trial court that the best interest of the minor child was served by the termination of her parental rights. Prior to their divorce appellant delivered the child to appellee. Appellant then embarked upon a rootless trek to the western states with three male companions. She obtained employment in Seattle, and married twice more. During all of those years she saw her son only three times. She did send him a little money, a few clothes, and a few toys. We agree with the district court that from the time appellant deposited David Christopher with appellee, it was appellee who provided all of the shelter, clothing, food, care, training, love, and affection for the child. After appellee remarried, he and his present wife have acted as father and mother to the child.

Under the record, we are of the opinion that the trial court correctly concluded that it was in the best interest of the child that appellant's parental rights be terminated.

The judgment is affirmed.