Nelson KIEFFER et ux., Appellants,

v.

E. R. MILLER, M.D., et al., Appellees.

No. 7996.

Court of Civil Appeals of Texas, Beaumont.

Nov. 3, 1977.

Rehearing Denied Nov. 23, 1977.

Randy Taylor and Paul W. Pearson, Dallas, for appellants.

James S. Maxwell, Dallas, for appellees.

CLAYTON, Justice.

This is a malpractice case in which a directed verdict was entered for defendant. Plaintiffs have perfected an appeal urging that the trial court erred in refusing to grant plaintiffs' motions for continuance and their request for a writ of attachment to compel the attendance of a medical witness at the trial.

The evidence shows that approximately four years had transpired since the plaintiffs' cause of action accrued and the time of trial. The case had been on file for approximately two years, and, during that period of time, plaintiffs made no effort to avail themselves of the various remedies provided in our Rules of Civil Procedure for preserving the testimony of any medical

witness. Plaintiffs, during their sworn testimony in support of their first motion for continuance, stated that Dr. Michael Duren had never announced his willingness to testify on their behalf. Plaintiffs' attorney testified that he had told opposing counsel the week preceding trial that he " . . . still didn't have my medical proof. . . " A subpoena was not issued for this witness until the first day of trial and was not served upon him until late in the afternoon of the first day of trial.

■ It is settled law that the matter of granting a continuance rests with the discretion of the trial judge, and that an order denying a motion should not be disturbed on appeal unless it can be shown that the trial judge abused his discretion. *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex. 1963); *Sralla v. Sralla*, 524 S.W.2d 557 (Tex. Civ.App.—San Antonio 1975, no writ). In view of the record in this case, it is clear that proper diligence in securing the medical testimony was not shown. See *Aetna Casualty and Surety Company v. Burns*, 490 S.W.2d 879 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.); *Hill v. Hill*, 423 S.W.2d 943 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ); *Fritsch v. J. M. English Truck Line*, 151 Tex. 168, 246 S.W.2d 856 (Tex.1952); *Shockley v. Payne*, 348 S.W.2d 775 (Tex.Civ.App.—Amarillo 1961, writ ref'd n.r.e.).

■ Plaintiffs further urge error on the part of the trial judge in denying their request for the issuance of a writ of attachment to compel the attendance of their medical witness, Dr. Duren. In addition to the facts stated above, it is to be noted the plaintiffs' second motion for continuance, filed on the second day of trial, states that plaintiffs and their attorney were informed by Dr. Duren's attorney that Dr. Duren had denied having made the statements (favorable to plaintiffs) set forth in the motion and that defendant "acted on the occasions in question with that degree of skill required of him, and not in a negligent manner".

*Tex.R.Civ.P. 179* specifically provides that:

" . . . nor shall such attachment issue in a civil suit until it shall be shown to the court, by affidavit of the party, his agent or attorney, that all lawful fees have been paid or tendered to such witness."

Plaintiffs' motion for a writ of attachment for Dr. Duren contained no affidavit that "all lawful fees" had been paid or tendered to Dr. Duren. This, in and of itself, was adequate grounds for the trial judge to deny plaintiffs' request for a writ of attachment for Dr. Duren.

In determining whether or not a lower court had erred in denying a defendant a writ of attachment to compel the attendance of a witness, the court, in *City of Dallas v. Lentz*, 81 S.W. 55 (Tex.Civ.App.—Dallas 1904, writ ref'd), held that the trial court did not err in refusing to grant a writ of attachment despite the fact that the witness had been subpoenaed and had been paid witness fees where the application for attachment did not show "any specific reason why the testimony could not be secured by deposition".

■ The refusal to issue an attachment for a doctor in a medical malpractice action is not an abuse of discretion where the circumstances show that, while the case was pending on the court's docket for a lengthy period of time, the moving party made no attempt to take the deposition of the doctor. *Shockley v. Payne*, supra. The record before the trial court reflected a lack of diligence on the part of plaintiffs to secure the testimony they so vitally needed for the presentation of their case. In addition, their own sworn affidavits (contained in their second motion for continuance) state that the prospective testimony of Dr. Duren would not be supportive of plaintiffs' cause of action. The trial judge, in refusing to carry out a useless procedure, did not hinder plaintiffs' ability to present their case.

Under the facts of this case, we are of the opinion the trial court did not abuse its discretion in overruling the motion for continuance and request for a writ of attachment. The judgment of the trial court is affirmed.

AFFIRMED.