**Laura Aurora FIGUEROA, Appellant,**

v.

**Javier FIGUEROA, Appellee.**

**No. 6806.**

Court of Civil Appeals of Texas, El Paso.

April 4, 1979.

Ruth Tone, El Paso, for appellant.

Hector M. Zavaleta, Peter S. Peca, Jr., El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is a suit by a father seeking to modify within a period of one year after the date of the divorce an order awarding custody of two minor children to their mother. The trial Court granted the motion and gave custody to the father. We reverse and render.

These parties were divorced in October, 1977. That decree of the Court named the mother, Laura Figueroa, as Managing Conservator and the father, Javier Figueroa, as Possessory Conservator of the two children, a girl five years old and a boy six years old. In December, 1977, the mother agreed that the two children could live with their father until May, 1978. In March, 1978, Laura remarried and approximately a week later Javier filed his motion to modify the prior decree and name himself as Managing Conservator of the children.

By her first point of error and the argument thereunder, Laura asserts that the Court erred in modifying the prior order without a proper showing of a compliance with Section 14.08(d) of the Texas Family Code concerning endangering the children's physical health or impairing their emotional development. The applicable part of that Code provision is as follows:

(d) If the motion is filed for the purpose of changing the designation of the managing conservator and is filed within one year after the date of issuance of the order or decree to be modified, there shall be attached to the motion an affidavit executed by the person making the motion. The affidavit must contain at least one of the following allegations along with the supportive facts:

(1) that the child's present environment may endanger his physical health or significantly impair his emotional development; . . .

In order to comply with that provision of the Code, Javier attached an affidavit to his motion to modify and in the affidavit said:

'My name is Javier Figueroa, I am well acquainted with the present environment of children PAUL ANTHONY FIGUEROA and CHRISTINE ELIZABETH FIGUEROA, and I hereby state under oath that the children's environment with the managing conservator may endanger their physical health or significantly impair their emotional development. Specific facts that support the above are:

Since the entry of the decree of divorce Movant has had the physical custody of the children.'

It was the obvious intention of the Legislature in putting Section 14.08(d) in the Family Code to give some stability to the provision for custody of children of divorced parents and to prevent the custody award from being relitigated within a short period of time, except in cases involving the children's physical health and emotional development. And this Section requires an initial determination by the court of whether the facts sworn to in the motion to modify justify a hearing. Texas Family Code Symposium, 5 Tex.Tech.L.Rev. 434 (1974).

In *DeLeon v. Periman*, 530 S.W.2d 174 (Tex.Civ.App.—Amarillo 1975, no writ), the court pointed out that "the legislature specified that the court *shall* deny a Sec. 14.-08(d) motion unless the court determines that the attached affidavit expresses adequate facts to support its allegation, . . ."

In this case, at the time the motion to modify was filed the children were in the physical custody of the father and that was the only fact asserted in the affidavit to support his motion to modify. As a matter of law, that fact did not show that the children's environment with their mother as the Managing Conservator would endanger their physical health or significantly impair their emotional development, and the allegation was not sufficient to permit the Court to set the motion for a hearing. Even though the mother had given physical custody of the children to the father, she never sought, nor consented to, any modification of the prior custody order, and the affidavit does not purport to assert the applicability of Section 14.08(d)(2), Tex. Family Code Ann., which permits a change on request or consent of the managing conservator. Under Section 14.08(e), Tex.Family Code Ann., the Court was required to deny the motion and refuse to schedule a hearing. Point of error No. 1 is sustained.

The modification order is reversed and judgment is rendered denying the motion to modify the prior order.