Irene K. ALLISON, Appellant,

v.

Richard G. ALLISON, Appellee.

No. 04–82–00272–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 21, 1983.

Hector Del Toro, Snyder, for appellant.

Homer E. Dean, Jr., Alice, for appellee.

Before ESQUIVEL, REEVES and TI-JERINA, JJ.

TIJERINA, Justice.

This is an appeal from an order modifying a prior agreed order affecting the parent-child relationship. This order terminated appellant's right of access to the children and ordered her to dismiss a California lawsuit against appellee which involved the same issues. Appellant's motion for a new trial was overruled by operation of law, whereupon she appealed.

Under a California divorce decree, appellant was originally granted custody of the parties' minor children, to-wit: Richard G. Allison, Jr. and Caroline I. Allison, eleven (11) year old twins. Subsequently, by agreed order, appellee was given custody of the children and they moved to Texas. On April 15, 1981, another agreed judgment was rendered in the District Court of Jim Wells County, Texas, wherein appellant was granted visitation rights consisting of one

week during Christmas vacation and one week during Easter vacation. Additionally, appellant was ordered to dismiss all lawsuits on the same subject matter, pending against appellee in California. The California proceedings were not dismissed. Consequently, appellee filed suit to hold appellant in contempt and for modification of the provisions of the prior order giving appellant access to the children. Appellee's contention was that appellant's visits were having an adverse effect on the children.

The central issue in this appeal is advanced by point of error one wherein appellant complains of trial court error in terminating her right of access to the children. TEX.FAM.CODE ANN. § 14.07(a) and (b) (Vernon Supp.1982–1983) provides in pertinent part, *viz*:

(a) The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child....

(b) In determining the best interest of the child, the court shall consider the circumstances of the parents....

Additionally, TEX.FAM.CODE ANN. § 14.-08(c) (Vernon Supp.1982–1983) provides in pertinent part the following:

(c) After a hearing, the court may modify an order or portion of a decree that:

\* \* \* \* \* \*

(2) provides for the support of a child, sets the terms and *conditions for access* to or possession of a child, or prescribes the relative rights, privileges, duties, and powers of conservators if *the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed* since the entry of the order or decree.... [Emphasis added.]

Finally, TEX.FAM.CODE ANN. § 14.03(c) (Vernon 1975) provides:

The court may not deny possession or access to a child to either or both parents unless it finds that parental possession or access is not in the *best interest of the child* and that parental possession *or access* would *endanger the physical or emotional welfare of the child.* [Emphasis added.]

Consequently, the standard of review requires that the record reflect material and substantial changes of circumstances as to the children, as well as the parents, being the persons affected by the prior order, and that the modification of the prior order be in the best interest of the children. *See Oglesby v. Silcott,* 620 S.W.2d 820, 823 (Tex. Civ.App.—Tyler 1981, no writ); TEX.FAM. CODE ANN. § 14.07(a) (Vernon 1975). The record must also reflect that parental access would endanger the physical or emotional welfare of the child. *White v. Chamberlain,* 525 S.W.2d 273, 274 (Tex.Civ.App. —Austin 1975, no writ); TEX.FAM.CODE ANN. § 14.03(c) (Vernon 1975).

Ordinarily, once a trial court makes findings that circumstances of children or persons affected by a prior order have materially and substantially changed and that modification of a prior order would be in the best interest of the children, the question of visitation privileges is a matter that is left to the sound discretion of the trial court. *Little v. Little,* 590 S.W.2d 620, 624 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Generally, the appellate court will not disturb the trial court decision except upon a showing of a clear abuse of discretion. *Altamirano v. Altamirano,* 591 S.W.2d 336, 338 (Tex.Civ. App.—Corpus Christi 1979, no writ). In the instant case, however, the trial court had before it a Motion to Modify in Suit Affecting the Parent-Child Relationship. Appellee pled that the requested modification would be in the best interest of the children and as the basis for his motion alleged the following:

The circumstances of the children or a person affected by the order to be modified have materially and substantially changed since the entry of the order and Movant requests that the terms and conditions for access to or possession of the children be modified as follows: That the

order allowing the mother visitation with the children be *suspended so long as the mother refuses to obey* the provisions of the order entered on April 15, 1981, which required her to dismiss all lawsuits against Richard G. Allison in California immediately and to furnish certified copies of orders of dismissal. [Emphasis added.]

The gist of appellee's motion, therefore, was to gain dismissal of the California lawsuit by suspension of appellant's access to or possession of the children. At the conclusion of the hearing on January 8, 1982, on appellee's motion, the record reflects the following statements by the trial court:

So I am going to *suspend* all visitation rights until she has obeyed the Court order to dismiss the California suit. [Emphasis added.]

Now, on the visitation rights, I am going to postpone it; later on, you can review the matter. If she comes in and legitimately becomes a resident of Texas, gets a job, and shows that she is going to stay here, shows some—well, the court will take that into consideration at a later date.

The order modifying the prior order signed March 12, 1983, by the trial court, however, ordered a *termination* of the right of access of appellant to the children. The record does not reflect what transpired between January and March of that year to form the basis for the more harsh action of termination of access rights. It is the action of the trial court in terminating the right of access to appellant that we find is an abuse of discretion.

■ It is the general rule in Texas that the right of a parent to visit with his children placed in the custody of the other parent by the divorce decree will not be completely denied except where there are *extreme grounds* to support such a denial. *Walker v. Showalter*, 503 S.W.2d 624, 626 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ); *Hill v. Hill*, 423 S.W.2d 943, 945 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ); *Liddell v. Liddell*, 29 S.W.2d 868, 871 (Tex.Civ.App.—San Antonio 1930, no writ).

In the *Hill* case, the Houston Court of Civil Appeals wrote:

Visitation is ordinarily encouraged, because it is important to the normal emotional development of children for them to know that they have the interest and love of both parents. The welfare of the children is of primary importance and concern for the court, and the trial court has the duty to exercise sound discretion in determining whether a parent is morally fit to have visitation periods with the children.

423 S.W.2d 945.

■ Since the trial court has ordered a termination of the right of access, not merely a suspension, we must look carefully at the record for evidence of "extreme grounds" to support such termination. We also find guidance from several decisions of the Supreme Court in *Schiesser v. State*, 544 S.W.2d 373 (Tex.1976); *Holley v. Adams*, 544 S.W.2d 367 (Tex.1976); *Wiley v. Spratlan*, 543 S.W.2d 349 (Tex.1976). Although these cases deal with termination of the parent-child relationship under Chapter 15 of the Family Code, we find them instructive since the instant case involves a termination of access rights. Our Supreme Court has recognized that the natural right which exists between parents and their children is one of constitutional dimensions, therefore, this case must be strictly scrutinized. *Schiesser v. State, supra* at 378; *Holley v. Adams, supra* at 370; *Wiley v. Spratlan, supra* at 352. Under the standard of strict scrutiny we do not find in the record evidence of "extreme grounds" to support the termination of access rights by the trial court. There certainly were other alternative orders available to the trial court to insure compliance with the prior order. The trial court could have restrained and enjoined appellant from removing the children from the territorial limits of Jim Wells County, Texas, or the jurisdiction of the court. Appellant could have been restrained and enjoined from attempting to alienate the children's affection for their father and to further guarantee compliance, appellant could be placed on a

bond, commensurate with her financial ability, as a condition of compliance with the trial court's order. *See Oglesby v. Silcott, supra* at 825.

▮ In its order of January 8, 1982, the trial court found, among other matters, that:

1. Irene K. Allison has now moved from California to Jim Wells County, Texas. . . .

2. Irene K. Allison has violated the order of the court dated April 15, 1981. . . .

3. Irene K. Allison's contacts and visits with the children the subject of this action have been detrimental to their emotional well being.

This inexorable rationale cannot be said to conclusively establish the required extreme material and substantial changes affecting appellant and the children since the date of the prior order, to justify a final and complete termination of access to the children. It was appellee's onerous burden to show that access by appellant would endanger their physical health or significantly impair their emotional development. *See Figueroa v. Figueroa,* 580 S.W.2d 621, 623 (Tex.Civ. App.—El Paso 1979, no writ). The record clearly reflects that the principle reason for the controversy was appellant's failure to dismiss the California proceeding. We are not persuaded by the psychologist's testimony that appellant needed professional help since he had never met or seen appellant prior to trial. The visits with the children were infrequent and there was no showing that appellant's conduct endangered their emotional well-being. There certainly was no evidence of immoral or violent conduct or that she mistreated or abused the children.

▮ The trial court filed findings of fact and conclusions of law. Findings of fact have the same force and dignity as does a jury verdict upon special issues and when a trial court's findings of fact and conclusions of law are supported by competent evidence, they are ordinarily binding for an appellate court. *Gandy v. Culpepper,* 528 S.W.2d 333, 335 (Tex.Civ.App.—

Beaumont 1975, no writ). The correctness of legal conclusions from findings, however, are subject to review. *See Mial v. Mial,* 543 S.W.2d 736, 737–38 (Tex.Civ.App.—El Paso 1976, no writ). We will consider the correctness of the findings in reviewing appellant's questions of no evidence and insufficiency of the evidence. Where the assignment is that there is no evidence, the reviewing court considers only the evidence favorable to the judgment and must sustain the judgment if there is evidence of probative force to support it. *Freeman v. Texas Compensation Insurance Co.,* 603 S.W.2d 186, 191 (Tex.1980); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). The insufficiency of the evidence question proposed by appellant requires that we consider and weigh all the evidence in the case and set aside the verdict and remand the cause for a new trial if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust. This is so regardless of whether the record contains some evidence of probative force in support of the verdict. The evidence supporting the verdict is to be weighed along with the other evidence in the case, including that which is contrary to the verdict. *See In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951); Calvert, *"No Evidence" and "Insufficient Evidence," Points of Error,* 38 TEX.L.REV. 361 (1960).

In considering the correctness of the findings, the no evidence and insufficiency of the evidence questions, we have reviewed the entire record including the testimony of the psychologist, and the testimony that appellant did not have permanent employment and was not financially stable. Thus, we find some evidence to support the findings but find them factually insufficient. *Childre v. Casstevens,* 148 Tex. 297, 224 S.W.2d 461, 462 (1949); *see also Home Insurance Co. v. Davis,* 642 S.W.2d 268, 269 (Tex.App.—Texarkana 1982, no writ). It is our opinion that the trial court abused its discretion and therefore, we sustain appellant's points of error one, three and four.

Appellant's remaining points of error will not be addressed.

The judgment is reversed and the cause remanded.