**William F. VELLEK, Appellant,**

v.

**Sachiko VELLEK, Appellee.**

**No. 04–85–00479–CV.**

Court of Appeals of Texas, San Antonio.

April 30, 1986.

Heriberto Urby, Jr., Del Rio, for appellant.

Richard Gutierrez, Garcia & Gutierrez, Del Rio, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a divorce decree rendered September 16, 1985 in Val Verde County. Trial was to the court. Appeal is directed to the visitation order.

The record shows that appellant is in military service and presently stationed in Texas. At the time the petition was filed appellee resided in Del Rio. Appellee later moved to her home country of Japan and continues to reside there.

The divorce decree granted appellant, William F. Vellek, managing conservatorship of the Vellek's only child, a girl, now age 11. Appellee, Sachiko Vellek, was named possessory conservator. The decree further provides:

IT IS ORDERED AND DECREED that Possessory Conservator shall have possession of the child at all times as the parties may agree, and, failing mutual agreement, as follows:

*Summer.* For a period of Six (6) weeks each year during the months of June, July, and August beginning in 1986 ...

IT IS ORDERED AND DECREED that during Possessory Conservator's period of possession, the child ... will be allowed to go to Japan to visit with Possessory Conservator ...

In two points of error, William complains the visitation order constitutes error because visitation outside the United States is not in the best interest of the child and strips him of remedies to enforce the order in the event the child is not returned.

Section 14.03 of the Family Code provides in part:

(a) If a managing conservator is appointed, the court may appoint [a possessory conservator] and set times and conditions for possession and access to the child by the possessory [conservator] ...

\* \* \* \* \* \*

(c) On the appointment of a possessory conservator, the court shall prescribe the rights, privileges, duties, and powers of the possessory conservator.

(d) The court may not deny possession of or access to a child to either or both parents unless it finds that parental possession or access is not in the best interest of the child and that parental possession or access would endanger the physical or emotional welfare of the child.

\* \* \* \* \* \*

It is the general rule in Texas that the right of a parent to visit with his [or her] children placed in the custody of the other parent by the divorce decree will not be completely denied except where there are *extreme grounds* to support such a denial. *Allison v. Allison,* 660 S.W.2d 134, 137 (Tex.App.—San Antonio 1983, no writ). The extent of visitation accorded to the possessory conservator is largely within the discretion of the trial court. *Musslewhite v. Musslewhite,* 555 S.W.2d 894, 898 (Tex.Civ.App.—Tyler 1977, writ dism'd).

The trial court is given wide latitude in determining the best interests of a minor child. The judgment of the trial court will be reversed only when it appears from the record as a whole that the court has abused its discretion. *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982); TEX.FAM. CODE ANN. §§ 14.01, 14.07 (Vernon 1975 and Supp.1986).

During the divorce hearing, Troy Howell, a teenage friend of the family, testified that Sachiko had asked for his help two years earlier in kidnapping the daughter. Howell said he, then 13 years old, would bring the girl to Japan so that William could not locate her. However, there was also evidence of the daughter's previous visit with the mother in Japan without incident. The record shows that while Sachiko lives in an apartment, her parents, the father a well-to-do "pillar of the community," are well known in Hino City and can be easily located.

Viewing the evidence as a whole, we find the trial court did not abuse its discretion as to the visitation order. The trial judge, as finder of fact, determined the controlling facts. In doing so, he had a right to accept or reject all or any part of the witness' testimony. *Hood v. Texas Indemnity Insurance Co.,* 146 Tex. 522, 209 S.W.2d 345, 346 (1948); *Smith v. Millsap,* 702 S.W.2d 741, 743 (Tex.App.—San Antonio 1985, no writ). *See, Altamirano v. Altamirano,* 591 S.W.2d 336, 338 (Tex.Civ. App.—Corpus Christi 1979, no writ). An appellate court cannot substitute its judgment for that of the trier of fact, even though after reviewing the evidence it may have reached a different factual determination from that of the trial judge sitting without a jury. *Guzman v. Acuna,* 653 S.W.2d 315 (Tex.App.—San Antonio 1983, writ dism'd).

Finding no abuse of discretion, we overrule the first point of error. Further, we overrule William's complaint that the visitation order strips from him enforcement remedies in the event the child is not returned. What is plain is that the trial court decided by its order not to deny the mother present visitation rights. The question of a possible future violation of the order is not before this Court. It is well settled that courts will not render advisory opinions. *Alamo Express, Inc. v. Union City Transfer,* 309 S.W.2d 815, 827 (Tex.1958); *City of New Braunfels v. City of San Antonio,* 212 S.W.2d 817, 824 (Tex.Civ.App.—Austin 1948, writ ref. N.R.E.); 1 R. McDONALD, TEX. CIVIL PRACTICE § 2.01 (rev. 1981).

The judgment is affirmed.