**In the Interest of R.N.C., a Minor Child.**

**No. 2–88–130–CV.**

Court of Appeals of Texas, Fort Worth.

April 13, 1989.

Marty Cannedy, Wichita Falls, for appellant.

Robert Hampton, West Texas Legal Services, Wichita Falls, for appellee.

Before HILL, LATTIMORE and MEYERS, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal from an order terminating all rights of possession or access to R.N.C. previously granted to appellants, H.E.C. and S.J.C. (Grandparents). Grandparents have perfected this appeal from the order.

We affirm.

Appellee, T.R.M. (Mother), and M.E.C. (Father) are parents of one child, R.N.C. In January 1985, R.N.C.'s parents divorced and Mother was appointed managing conservator of R.N.C. Grandparents were appointed possessory conservators with specific rights of access, possession, and visitation. Access or visitation by Father was determined to not be in the best interest of R.N.C., and Grandparents were ordered not to allow Father to have contact of any nature with R.N.C. In April 1986, Mother filed a motion to modify the final decree of divorce. Mother alleged Grandparents allowed Father access to R.N.C. and Father sexually abused R.N.C. The trial court terminated Grandparents' rights of access to R.N.C.

■ In their first point of error, Grandparents contend the trial court erred in admitting into evidence a videotape of R.N.C. after the court found R.N.C. was not competent to testify. The decision of the trial court should not be overruled due to an erroneous ruling on admissibility of evidence "where the evidence in question is cumulative and not controlling on a material issue dispositive of the case." *Gee v. Liberty Mutual Fire Ins. Co.*, 765 S.W.2d 394, 396 (1989). In the videotape, R.N.C. said her father sexually abused her. This evidence was not cumulative. However, the trial court did not need to determine R.N.C. was sexually abused in order to terminate Grandparents' access to the child. As explained in our discussion of the second point of error below, the admission of the videotape was not harmful because Grandparents' own testimony was sufficient to support the judgment of the trial court. *Cf. Id.* at 397. Grandparents' first point of error is overruled.

■ In their second point of error, Grandparents contend the trial court abused its discretion in terminating Grandparents' access to R.N.C.

The trial judge also is afforded broad discretion in determining the extent of visitation to be awarded the possessory conservator. Consequently, our standard of review in this case is narrowly limited to a determination of whether the trial judge clearly abused his discretion by modifying the original order. This discretion is wisely vested in the trial judge in these matters because he faces the parties and the witnesses, observes their demeanor, views their personalities and senses the forces and powers which motivate them. Consequently, he is in a much better position than an appellate court, who must rely on the written record alone, to assess the needs of the child and to adjudge from personal observation which arrangement will serve the best interest of the child.

*Maixner v. Maixner*, 641 S.W.2d 374, 376 (Tex.App.—Dallas 1982, no writ) (citations omitted). A trial court may enter a new visitation order when the prior order is unworkable or inappropriate under existing circumstances, including behavior of the

parties. *Id.* at 377. Grandparents admit they allowed Father to visit R.N.C. in spite of the court's order they should not allow Father access to the child. We decline to hold the trial court abused its discretion in deciding this disregard of its prior order indicated the prior order was unworkable. Grandparents contend they were relying on the advice of an attorney in allowing Father to visit R.N.C. because Father told Grandparents Father's attorney said Father could visit R.N.C. Grandparents did not speak to Father's attorney, but spoke only to Father to obtain this legal advice. Again, the trial court was in a better position to evaluate this testimony.

■ We also decline to hold the trial court abused its discretion in terminating Grandparents' rights of access to R.N.C. "It is the general rule in Texas that the right of a parent to visit with his children placed in the custody of the other parent by the divorce decree will not be completely denied except where there are *extreme grounds* to support such a denial." *Allison v. Allison,* 660 S.W.2d 134, 137 (Tex. App.—San Antonio 1983, no writ). A modifying order which terminates a parent's right of access should also be supported by extreme grounds. *Id.* The same standard does not apply to a modifying order which terminates grandparents' right of access. In a suit affecting the parent-child relationship, the court *may* grant grandparents reasonable access if such access is in the best interest of the child. TEX.FAM. CODE ANN. sec. 14.03 (Vernon Supp. 1989). Therefore, we hold a modifying order which terminates grandparents' access does not require extreme grounds, but is in the sound discretion of the trial court. *Cf. Minns v. Minns,* 615 S.W.2d 893, 896 (Tex. Civ.App.—Houston [1st Dist.] 1981, writ Dism'd). Grandparents' second point of error is overruled.

We affirm.