Affirmed, In Part, Dismissed, In Part, and Memorandum Opinion filed February
8, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00165-CV


NO. 14-10-00251-CV

___________________

 

Roxanne Dorsey, Appellant

 

V.

 

Houston Housing Authority,
Appellee



 



 

On
Appeal from the County Civil Court at Law No. 4

Harris County,
Texas



Trial Court Cause No. 952,721

 



 

 

MEMORANDUM OPINION

            In these consolidated cases, Roxanne
Dorsey appeals (1) a forcible detainer judgment, contending the trial court
erred by refusing to require a subpoenaed witness to appear instanter during
trial or show cause why he should not be held in contempt for failing to appear
and (2) the court’s post-trial order refusing to find the witness in contempt. 
We affirm the forcible detainer judgment.  However, we lack jurisdiction to
consider the post-trial order and therefore dismiss the appeal of that order.

 

I.                  
Background

Appellee, Houston Housing Authority (“HHA”), served Dorsey with an
eviction notice for her leased premises.  After Dorsey refused to vacate, HHA
filed a forcible detainer suit in a justice court.  The justice court signed an
eviction order, awarding possession of the premises to HHA and directing Dorsey
to vacate.

Dorsey appealed the order to the county civil court at law (the
underlying trial court relative to the present appeal), which conducted a jury trial
de novo.  Dorsey subpoenaed Antonio Nichols, a former peace officer, as
a trial witness, but he did not appear.  During trial, Dorsey requested that
the court issue a “capias” to require Officer Nichols to appear instanter or
order him to show cause why he should not be held in contempt for failing to appear. 
The trial court refused this request.  The jury found that Dorsey breached the
lease and committed forcible detainer.  On February 4, 2010, the trial court
signed a judgment, awarding HHA possession of the premises, costs, and
post-judgment interest.

After trial, Dorsey filed a motion for enforcement by contempt and
request for sanctions against Officer Nichols.  The trial court conducted a
show-cause hearing at which Officer Nichols appeared and testified.  The court
orally announced it would not find Officer Nichols in contempt because he essentially
attributed his disobeying the subpoena to health issues, conflicting medical
appointments, and the influence of medication, but would require Officer
Nichols to reimburse Dorsey’s cost for procuring the subpoena because of his
failure to provide notice he would not appear.  Accordingly, on March 9, 2010, the
trial court signed an order finding Officer Nichols had good cause for disobeying
the subpoena but requiring that he pay Dorsey’s $69.00 in costs.

II.              
Analysis

Dorsey appeals both the forcible detainer judgment and the portion of
the court’s post-trial order refusing to hold Officer Nichols in contempt.

As a preliminary matter, HHA contends Dorsey’s appeal is moot because
she voluntarily vacated the premises after the court rendered judgment. 
However, Dorsey seeks to eradicate any record of a judgment against her due to
potential adverse consequences regardless of her later vacating the premises. 
Further, the portion of the judgment ordering Dorsey to pay HHA’s costs would remain
despite her later vacating the premises.  Accordingly, we will consider the
merits of her appeal.

A.     Forcible
Detainer Judgment

In
her first issue, Dorsey challenges the forcible detainer judgment, contending
the court erred by refusing during trial to require Officer Nichols to appear
instanter in response to the subpoena or show cause why he should not be held
in contempt for failing to appear.  Before the parties presented evidence, the
following exchange occurred:

[DORSEY’S
COUNSEL]: Your Honor, I have one matter; I have a gentleman that is subpoenaed
who hasn’t shown up, and I have a capias for you to sign, please.

 

THE
COURT: What do you mean? Sign a capias for his arrest?

 

[DORSEY’S
COUNSEL]: No. To bring him in to testify.

 

THE
COURT: No, ma’am.

 

[DORSEY’S
COUNSEL]: He’s under subpoena.

 

THE
COURT: If he’s under subpoena - - 

 

[DORSEY’S
COUNSEL]: He’s in contempt.

 

THE
COURT: No. I haven’t made a finding he’s in contempt, ma’am.

 

[DORSEY’S
COUNSEL]: Okay.

 

THE
COURT: I can’t do that. You can issue a show cause but - - I’m not going to
have a show cause hearing. If the subpoena is out there, I don’t know what to
tell you; but, no, I won’t issue a capias for his arrest. I haven’t found
anybody to be in contempt yet. You have to do a show cause before I can issue a
capias.

 

[DORSEY’S
COUNSEL]: That will delay the length of the case.

 

THE
COURT: No it won’t.

[DORSEY’S
COUNSEL]: No?

 

THE
COURT: Not in civil court, ma’am. No. If your witnesses don’t come, they don’t come.
I don’t know what to tell you. I’m not going to stop a case because somebody is
not coming. I would try to reach him now.

 

[DORSEY’S
COUNSEL]: I will.

 

THE
COURT: But, no. I don’t issue capias. This isn’t criminal.

 

We
employ an abuse-of-discretion standard to review a trial court’s refusal to
attach a witness who was subpoenaed for trial but failed to appear.[1]  See Wilkinson
v. Moore, 623 S.W.2d 662, 665–66 (Tex. Civ. App.—Houston [1st Dist.] 1981,
writ dism’d); Kieffer v.
Miller, 560
S.W.2d 431, 432 (Tex. Civ. App.—Beaumont 1977, writ ref’d n.r.e.).  Moreover,
we construe Dorsey’s complaint regarding the trial court’s refusal to delay the
trial to conduct a show-cause hearing as essentially a challenge to the manner
in which the court conducted the trial.  “[T]he discretion vested in the trial
court over the conduct of a trial is great,” including the broad discretion to
“maintain control and promote expedition.”  Dow Chem. Co. v. Francis,
46 S.W.3d 237, 240–41 (Tex. 2001).  A trial court abuses its discretion only
when it acts in an “arbitrary or unreasonable” manner or, stated differently,
“without reference to any guiding rules and principles.”  Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Mosk v.
Thomas, 183
S.W.3d 691, 696 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

HHA
contends that the trial court’s refusal to enforce Dorsey’s subpoena was proper
pursuant to Texas Rule of Civil Procedure 176.8, entitled “Enforcement of
Subpoena,” which provides, in pertinent
part,

A fine may not be imposed,
nor a person served with a subpoena attached, for failure to comply with a
subpoena without proof by affidavit of the party requesting the subpoena or the
party’s attorney of record that all fees due the witness by law were paid or
tendered.

 

Tex. R. Civ.
P. 176.8(b).  During trial, Dorsey did not present an affidavit
proving all fees due Officer Nichols had been paid or tendered, and the record
does not reflect any such affidavit was on file at that time.

Dorsey suggests we may not uphold the court’s decision on this ground
because the court did not indicate this ground formed the basis for its
decision.  However, with respect to matters committed to the trial court’s
discretion, we must affirm when the court reaches the right result, regardless
of its underlying reason.  See Donalson
v. Barr, 86
S.W.3d 718, 720 (Tex. App.—Houston [1st Dist.] 2002, no pet.); Sanjar
v. Turner, 252 S.W.3d 460, 465 n.2 (Tex. App.—Houston [14th Dist.] 2008,
no pet.).  Accordingly, we may affirm the trial court’s refusal to require
Officer Nichols’s appearance on the ground that Dorsey had not presented the requisite
affidavit, regardless of the reason stated on the record for the court’s ruling. 
See Kieffer, 560 S.W.2d at 432 (recognizing trial court’s refusal to issue writ of
attachment for subpoenaed witness who failed to appear at trial could be upheld
for sole reason that request for writ contained no affidavit averring all
lawful fees had been paid or tendered to the witness).

Dorsey also suggests the court was hostile to her position and allowed
her no opportunity to prove she had satisfied this prerequisite to obtaining the
requested relief.  However, during trial, Dorsey did not attempt to offer proof
she had complied with this prerequisite, much less object to any refusal by the
trial court to allow such proof.  Two days after trial was concluded, Dorsey’s
attorney executed an affidavit averring that all fees due Officer Nichols had
been paid or tendered and presented the affidavit with her post-trial motion
for contempt and request for sanctions.  This affidavit was not timely with
respect to Dorsey’s request during trial because, as we construe Rule 176.8, it
requires that proof of payment be made before the court may attach the witness.
 See Tex. R. Civ.
P. 176.8(b).  Therefore, the trial court did not abuse its
discretion by failing to grant a request during trial when the prerequisite for
obtaining the relief was not presented until after trial was concluded.

Finally, during trial, Dorsey did not inform the court of the anticipated
substance of Officer Nichol’s testimony.  Because Dorsey did not demonstrate
why the testimony was needed for her defense, we cannot conclude the court
abused its discretion to promote expedition by refusing to delay trial to
obtain the testimony.  Accordingly, we overrule Dorsey’s first issue.

B.     Post-Trial
Order

            In her second issue, Dorsey appeals the
portion of the court’s post-trial order finding good cause for Officer Nichols’s
failure to appear at trial and thereby refusing to hold him in contempt.  However,
a court of appeals lacks jurisdiction to consider on direct appeal a trial
court’s contempt order, including a refusal to hold a party in contempt,
because such an order is not a final, appealable judgment.  See Norman v.
Norman, 692
S.W.2d 655, 655 (Tex. 1985); In re
Office of Atty. Gen. of Tex., 215 S.W.3d 913, 915–16 (Tex. App.—Fort Worth 2007,
orig. proceeding); Chambers v. Rosenberg, 916 S.W.2d 633,
634 (Tex. App.—Austin 1996, writ denied); Pruett
v. Pruett, 754 S.W.2d 802, 803 (Tex. App.—Tyler 1988, no writ).  This
rule applies even when the contempt order is “‘appealed along with a judgment
that is appealable.’”  In re
Office of Atty. Gen., 215 S.W.3d at 915 (quoting Cadle Co.
v. Lobingier, 50
S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied)); see
In re S.R.O., 143 S.W.3d 237, 248 (Tex. App.—Waco 2004, no
pet.).  Contempt proceedings are not appealable because they
“are not concerned with disposing of all claims and parties before the court,
as are judgments; instead, contempt proceedings involve a court’s enforcement
of its own orders, regardless of the status of the claims between the parties
before it.”  In re
Office of Atty. Gen., 215 S.W.3d at 915–16 (citing Cadle, 50 S.W.3d at 671).  Accordingly,
we lack jurisdiction to consider Dorsey’s appeal of the post-trial order
refusing to hold Officer Nichols in contempt.

            We affirm the forcible detainer judgment
and dismiss Dorsey’s appeal of the post-trial order.

 

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

Justice

 

Panel consists of Justices
Seymore, Boyce, and Christopher.









[1] A judge in a civil case
may issue a writ of attachment to a properly subpoenaed witness who fails to
appear for trial if the requirements of Texas Rule of Civil Procedure 176.8 are
met whereas a “capias” is a writ issued in a criminal matter directing a peace
officer to arrest a person accused of an offense and bring him before the
court.  Compare Tex. R. Civ. P. 176.8 with Tex. Code Crim. Pro.
arts. 23.01–.18 (West 2009).  Despite Dorsey’s use of the term “capias” during
trial, we construe her complaint as a contention that the trial court erred by
refusing to attach the witness.