**Bobby OGLESBY, Appellant,**

v.

**Ronan Dale SILCOTT, Appellee.**

**No. 1443.**

Court of Civil Appeals of Texas, Tyler.

July 30, 1981.

Larry Daves, Tyler, for appellant.

Jerry Bain, Bain, Files, Allen & Hurst, Tyler, for appellee.

SUMMERS, Chief Justice.

This is a child custody case. The appeal is by Bobby Oglesby, maternal grandfather, from a judgment denying his application for designation as managing conservator of his grandson and conditioning his visitation as possessory conservator on the posting of a bond.

We affirm.

Ronan Dale Silcott, appellee, and Brenda Sue Oglesby Silcott were divorced on October 31, 1977, in Smith County, Texas. The divorce decree named Ronan as managing conservator and Brenda as possessory conservator of their only child, Michael Thomas Silcott, a son born March 4, 1971.

In September 1978 Ronan filed a motion to modify Brenda's visitation privileges, and after a hearing thereon the court rendered an order (signed April 4, 1979, filed April 5 and hereafter referred to as the April 4, 1979 order) restricting Brenda's visitation privileges as possessory conservator to three ten-hour visits with said child per month. This order continued the appointment of Ronan as managing conservator. At the time of this order Ronan was living in

Whitehouse, Texas, attending the University of Texas at Tyler. Brenda was living unmarried at Arp, Texas, with a man and working at the General Electric Plant in Tyler. Ronan obtained his degree in education at the university in August 1979, and not finding a teaching position in the Tyler area, he and Michael moved to Hebron, Ohio, on August 17, 1979, to live with his parents on a small farm. He secured employment as a substitute teacher there and has continued to be so employed. After Ronan informed Brenda of his plans to move to Ohio, Brenda, on August 16, 1979, filed a motion to modify in suit affecting parent-child relationship and ancillary thereto was granted a temporary order restraining removal of the child from the jurisdiction of the court. At a hearing on August 24, 1979, the court denied Brenda's application for injunctive relief; although served with notice, Ronan left for Ohio and did not appear at the hearing.

In September of 1979, Mr. Oglesby, the appellant, went to Hebron, Ohio, to visit Michael. He also filed two motions seeking to be appointed managing conservator or be granted visitation privileges. The first was a motion to modify, filed September 12, 1979, seeking to be named temporary managing conservator; a hearing was denied on this motion pursuant to Tex.Fam.Code Ann. § 14.08(d) and (e). The second, filed October 11, 1979, was a motion to intervene in suit affecting parent-child relationship in which appellant sought to modify the custody order of April 4, 1979, requesting that he be named managing conservator of Michael, or alternatively, that he be granted reasonable access to the child.

On December 17, 1979, appellant Oglesby, accompanied by his daughter Brenda went to Hebron, Ohio, where, without any prior notice to Ronan, they picked up Michael at school. Appellant put Brenda and Michael on a plane and they flew to Austin where she was then living. Appellant followed them to Texas in his van.

On January 8, 1980, Ronan filed an application for writ of habeas corpus and writ of attachment in this matter. Pursuant to the court's order of January 11, 1980, Brenda turned Michael over to the Tyler-Smith County Welfare Unit, this agency having been named by the court as temporary managing conservator pending hearing to determine parent-child relationship.

At the hearing in the case at bar on May 23, 1980, the court heard the application for writ of habeas corpus and request for writ of attachment filed by appellee on January 8, 1980, the motion to modify filed by Brenda on August 16, 1979, and the motion to intervene filed by appellant on October 11, 1979. The parties waived a jury and submitted all matters in controversy to the court.

In its judgment, the court found that Brenda and appellant had illegally confined and restrained the child; that Ronan was the person entitled by law to possession of Michael and ordered that he be returned to Ronan; that Ronan be reappointed as managing conservator and Brenda and appellant each be appointed a possessory conservator of said child with visitation privileges as set forth [1]; that the visitation rights in which the possessory conservators will have actual possession of the child are condi-

---

1. IT IS DECREED that BRENDA SUE OGLESBY SILCOTT and BOBBY OGLESBY be and are hereby each appointed Possessory Conservator of the child, MICHAEL THOMAS SILCOTT, and that said Possessory Conservator(s) shall have possession of or access to the child as follows:

    A. For the calendar month of July of each year;

    B. On odd-numbered years, from December 23rd to December 30th; and

    C. During the following periods, the Possessory Conservator(s) may phone the child, and RONAN DALE SILCOTT shall keep the Posses-

sory Conservator(s) informed of the phone number where said child may be phoned and have said child available at said number:

    1) On the third (3rd) Sunday of each and every month from 7:00 P.M. to 8:00 P.M.;

    2) On March 4th of each year, being said child's birthday, from 7:00 P.M. to 8:00 P.M.;

    3) On Easter Sunday of each year from 7:00 P.M. to 8:00 P.M.;

    4) On Thanksgiving Day of each year from 7:00 P.M. to 8:00 P.M.; and

    5) On Christmas Day of each even-numbered year from 9:00 A.M. to 10:00 A.M.

tioned upon the possessory conservator(s) posting a continuing bond in the amount of $10,000.00 with the clerk of the court conditioned that should said possessory conservator(s) not return said child at the conclusion of each period of possession according to this order and the schedule submitted to the managing conservator by the possessory conservator(s), then said bond shall be forfeited.

From this adverse judgment, the grandfather, Bobby Oglesby, has appealed, predicating his appeal upon three points of error.

■ The record before us is without findings of fact or conclusions of law. Under these circumstances, the well-settled rule is that the appellate court is required to affirm the judgment rendered by the trial court if it can be sustained on any reasonable theory authorized by law and supported by the evidence. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962); *Sanders v. Republic National Bank of Dallas*, 389 S.W.2d 551, 554 (Tex.Civ.App.—Tyler 1965, no writ).

In his first point of error appellant grandfather complains that trial court erred in not appointing him as managing conservator when it was in the best interest of the child to do so.

A suit for modification of a prior custody order is authorized by Tex.Fam.Code Ann. § 14.08 (Vernon Supp.1980) which provides in part that:

(c) After a hearing, the court may modify an order or portion of a decree that: (1) designates a managing conservator if the *circumstances* of the child or parent *have so materially and substantially changed* since the entry of the order or decree to be modified that *the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement* for the child . . . (Emphasis added.)

■ In order to show a material and substantial change in circumstances, the movant must establish by a preponderance of the evidence both (1) that retention of the present managing conservator would be injurious to the welfare of the child and (2) that the appointment of a new managing conservator would be a positive improvement. *Sutter v. Hendricks*, 575 S.W.2d 308, 310 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.); *Thompson v. Uzzell*, 541 S.W.2d 499, 501 (Tex.Civ.App.—Tyler, no writ).

If both of these requirements are not proven by a preponderance of the evidence, no change in the managing conservatorship should be made. *Sutter v. Hendricks*, supra; *Thompson v. Uzzell*, supra; *D. W. D. v. R. D. P.*, 571 S.W.2d 224, 225–26 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n. r. e.); *Davis v. Duke*, 537 S.W.2d 519, 521 (Tex.Civ.App.—Austin 1976, no writ).

■ Another criterion required for a change of custody is set forth in Tex.Fam. Code Ann. § 14.07(a) (Vernon 1975) which provides the best interest of the child shall be a primary consideration. Absent evidence of a material and substantial change in circumstances, the court does not reach the question of what is in the best interest of the children. *Watts v. Watts*, 563 S.W.2d 314, 315 (Tex.Civ.App.—Dallas 1978, writ ref'd n. r. e.).

■ Appellant and his daughter Brenda each sought to modify the court's order of April 4, 1979, in which the court continued the appointment of appellee as managing conservator and restricted the visitation rights of Brenda as possessory conservator. Appellant was a witness but not a party in the hearing which limited Brenda's visitation. At the time of the entry of the April 4, 1979, order, all who are not parties to this matter resided in Smith County, Texas. At the time of the instant trial, Ronan was residing in Hebron, Ohio, and continuing his work as a teacher; Brenda was residing with her father, the appellant, in his mobile home at a trailer park in Whitehouse. Brenda was unemployed from June 21, 1979, until November 1979. She moved to Austin in August 1979 where she worked first for a construction company and later for Spenco Dresser. About a week before

the present trial, she obtained a job in Tyler at Virginia Kennels. While living at Arp and Austin, Brenda had a problem with prescription drugs and attended M.H.M.R. sessions. At the time of trial she testified she had not had any type of drug since November 1979. Appellee presented evidence showing the home environment, activities and educational opportunities Michael had received while living in Ohio. Barbara Carnley, a case worker for the Tyler-Smith County Welfare Unit, testified that she had to restrict the *appellant's* visitation privileges with Michael in March of 1980. She testified that the appellant had insisted on making derogatory remarks concerning the appellee to Michael. She also noted that he discussed "inappropriate things" about the foster parents in front of Michael. Appellant contended that there is substantial evidence that appellee abuses the child. Appellee denied this allegation; he testified that Michael received the scratch on his chest while playing football, that the scar near his eyes resulted from running into a chair rail in 1977, and that appellant and Brenda interrupted arrangements he had made to remedy Michael's congenital hernia condition by surgery when without any authority they picked up Michael in Ohio and brought him to Texas. In reply to appellant's claim that there is evidence that marijuana is knowingly being grown on the Silcott property in Ohio, appellee testified that he did find a place in the back field of the farm where three or four marijuana plants were growing but he had no idea who, if anyone, might be cultivating the same. Contrary to appellant's contention we find no evidence of probative value that suggests that appellee forced the child to participate in certain sexual activities or that appellee is unable to provide for the financial needs of Michael. The trial judge heard and observed the witnesses while they were testifying. He was entitled to pass upon the credibility and weight to be given the testimony of each witness and the evidence offered, and then determine from the evidence whether appellant had established a material and substantial change of circumstances by a preponderance of the evidence. The court impliedly found that appellant failed to meet the burden of proof required under section 14.-08(c)(1) of the Texas Family Code. After reviewing the record before us, we cannot conclude that the trial court abused its discretion. Appellant's first point is overruled.

In his second point of error, appellant complains that the trial court erred in requiring a $10,000.00 bond as a condition of appellant's visitation privileges when such relief had not been plead by the appellee. By his third point he contends the trial court abused its discretion by requiring a $10,000.00 bond as a prerequisite to visitation. We shall address these two points together.

In his motion to intervene, appellant plead for designation as managing conservator, or alternatively, for reasonable access to the child. The court granted his alternative request by appointing him as a possessory conservator with specified visitation privileges. As a condition to the exercise of his possession privileges as possessory conservator, he was required to post a $10,000.00 bond. Appellant contends that because appellee had not plead for this action, the trial court was without authority to establish conditions upon his visitation. We disagree. Tex.Fam.Code, § 14.03(a) and (b) states:

> (a) If a managing conservator is appointed, the court may appoint one or more possessory conservators and set the time and conditions for possession of or access to the child by the possessory conservators and others.
>
> (b) On the appointment of a possessory conservator, the court shall prescribe the rights, privileges, duties, and powers of the possessory conservator.

It is appellant's pleading that the court granted; it is the appellant's appointment as possessory conservator which entitled the court to set the time and conditions for possession and access to the child.

The establishment of the terms and conditions of conservatorship is a discretionary function of the trial court. This court

will reverse the trial court only if we conclude the trial court has abused its discretion. *In re Johnson*, 494 S.W.2d 943, 945–46 (Tex.Civ.App.—Amarillo 1973, no writ); *Ramey v. Ramey*, 425 S.W.2d 900, 901 (Tex. Civ.App.—Eastland 1968, writ dism'd).

█ Also in the absence of written findings of fact and conclusions of law, the trial court's judgment implies all necessary fact findings in support of the judgment. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1950).

█ After reviewing the record before us, we conclude the court did not abuse its discretion in requiring a bond as a condition for appellant's exercise of his possessory rights as possessory conservator. The trial court has the authority to condition visitation by setting a bond. *Matter of Marriage of Miller*, 600 S.W.2d 386, 388 (Tex.Civ.App. —Amarillo 1980, no writ). The record reflects that on December 17, 1979, appellant and Brenda, without any authority, took physical custody of this child and removed him from the possession of his managing conservator, and that Ronan was forced to file an application for writ of habeas corpus and attachment to secure a return of Michael, thereby incurring considerable expense and loss of time away from his home in Ohio. The record further reveals that appellant currently has a $200,000.00 certificate of deposit which earns interest at 13.40% per annum; a 1975 mobile home valued at $8,000.00 in Whitehouse, Texas; a 1978 Ford Van valued at $7,800.00 for travel; a lake lot at Cedar Creek Lake valued at $20,000.00; and is in the process of purchasing a three bedroom house in Hollywood, Florida. Appellant is thus highly mobile and may reside in several places far distant from the child's residence with his managing conservator. In view of appellant's apparent financial condition, we do not agree with appellant's contention that a bond in the amount of $10,000.00 is unreasonable. It merely imposes a permissible condition on appellant's possession and access, a condition which the trial court deemed was needed to protect the court's jurisdiction and insure compliance with its

orders. From the evidence adduced, the trial court impliedly found facts supporting the need for the bond and did not abuse its discretion. Appellant's second and third points of error are overruled.

The judgment of the trial court is affirmed.