S.A.B.S., Appellant,

v.

H.B., Appellee.

No. 13–88–350–CV.

Court of Appeals of Texas,
Corpus Christi.

March 9, 1989.

Kemper Stephen Williams, III, Kelly, Stephenson & Marr, Victoria, for appellant.

Knute L. Dietze, Victoria, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

This appeal concerns an order by the trial court modifying a divorce decree in a suit affecting the parent-child relationship. The order appellant seeks to reverse substantially reduces and restricts her visitation rights with her child. It also orders her to pay child support payments of $150.00 per month.

Appellant raises five points of error. Points one, two and three address the propriety of the modification of visitation rights. Points four and five address the issue of child support. Appellee has filed no brief. We reverse the trial court's order and render judgment that restores the orders contained in the original decree.

■ By her first point of error, appellant asserts that the trial court erred in reducing her possession of or access to the child because there is no pleading to support the modification. Appellant filed Motion to Modify in Suit Affecting the Parent–Child Relationship. Appellee responded with a general denial and a counterclaim for child support and attorney's fees. Appellee did not seek modification of the custody portion of the decree to reduce appellant's access to or possession of the child.[1] The court's order substantially reduced and re-stricted appellant's access to and possession of her child, though no such relief had been sought by appellee.

The Family Code provides that the terms and conditions of access to or possession of a child may be modified only by filing a motion. Tex.Fam.Code Ann. § 14.08(a) (Vernon 1986). This court has twice held that a motion to modify is the exclusive method to obtain the relief sought. *Gawlik v. Gawlik*, 707 S.W.2d 256, 260 (Tex. App.—Corpus Christi 1986, no writ); *In the Interest of Vasquez*, 666 S.W.2d 649, 651 (Tex.App.—Corpus Christi 1984, no writ).

The reduction and restriction of appellant's visitation rights were neither pled nor requested; therefore, we hold that the trial court's order of July 12, 1988, as it pertains to visitation, possession or access was improper. Furthermore, we hold that the rights of appellant as they pertain to access to the child are controlled by the original decree of divorce entered on June 20, 1984. We need not address appellant's second and third points of error. Appellant's first point is sustained.

■ Appellant complains by her fourth point of error that the trial court erred in ordering her to pay appellee child support because there is no evidence of a change of circumstances or, alternatively, because the evidence is factually insufficient to support the trial court's order. Upon careful review of the record, we agree that there is no evidence of a change in circumstances since the entry of the original decree.

In response to appellant's motion to modify, appellee filed a counterclaim seeking child support. After the hearing, the trial court ordered appellant to pay child support in the amount of $150.00 per month. The original decree imposed no child support obligations upon appellant.

Tex.Fam.Code Ann. § 14.08(c) (Vernon Supp.1989) permits the trial court to modi-

---

1. Eight days prior to trial the appellee filed an amended answer and cross-claim identical to his original answer and cross-claim with an additional request for termination of the parent-child relationship. However, the termination request was apparently abandoned or withdrawn before trial. The case was called for trial on appellant's motion to modify with respect to visitation and appellee's motion to modify with respect to child support. Appellee's own counsel objected to a reference to its termination pleading or request at the trial, and the trial court agreed with appellee's counsel that the termination request was not being heard.

fy that portion of a decree pertaining to support of a child "if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of its rendition ..." In determining whether a modification in child support payments is appropriate, the trial court should examine the circumstances of the child and parents at the time the prior decree was rendered in relation to the circumstances existing at the time the prior order is sought to be modified. *Liveris v. Ross,* 690 S.W.2d 60, 61 (Tex.App.—Houston [14th Dist.) 1985, no writ); *Stofer v. Linville,* 662 S.W.2d 783, 784 (Tex.App.—Houston [14th Dist.] 1983, no writ); *Cannon v. Cannon,* 646 S.W.2d 295, 297 (Tex. App.—Tyler 1983, no writ).

Appellee testified at the hearing that he takes home $384.00 per week. He further testified that following the divorce from appellant he remarried. He and his present wife both testified that the wife brings home approximately $1,000.00 per month. No evidence was presented as to appellee's financial circumstances at the time of the divorce. Appellant testified that she takes home $500 to $550 per month. She also received two $500 grants from the State of Texas to pay for tuition and books for her studies at the University of Texas. There is no evidence in the record of her financial circumstances at the time of the divorce. Likewise there is no evidence in the record of any change in the financial circumstances or needs of the child between the time of the divorce and the time of the hearing; indeed, there was no evidence presented to the trial court relative to the child's financial needs past or present. The only evidence pertaining to the circumstances of the parties at the time of the divorce takes the form of appellant's conclusory testimony that her ability to support her child had *not* changed since the divorce decree had been entered. (Emphasis added.)

Since there was no evidence that the circumstances of the child or parties affected by the decree sought to be modified had materially and substantially changed since the date of the original decree, the trial court erred in modifying the decree as to support. We sustain appellant's fourth point of error. Because of our disposition of point of error four, we need not consider appellant's fifth point of error asserting that appellee waived his claim for child support because of the trial court's failure to find any facts to support its conclusion that appellee be awarded child support.

We reverse the judgment of the trial court and render judgment restoring the orders contained in the original decree of June 20, 1984.

By motion, appellant has also requested that initials only be used in this opinion. The motion is granted.