Peter S. MacCALLUM, Jr., Appellant,

v.

Mary Sue MacCALLUM, Appellee.

No. 13–90–306–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 13, 1990.

Rehearing Overruled Jan. 17, 1991.

Pat Morris, Nicolas, Morris & Barrow, Corpus Christi, for appellant.

Michael P. O'Reilly, Corpus Christi, for appellee.

Before BENAVIDES, KENNEDY and DORSEY, JJ.

## OPINION

BENAVIDES, Judge.

Pete MacCallum, Possessory Conservator, appeals the trial court's denial of his

motion to modify child support and periods of possession and the trial court's unsolicited order placing restrictions on his sons' activities while they are in his possession. He raises eleven points of error related to evidence of a change of circumstances, to the amount of child support due, to the length and conditions of his sons' visits, and to the awards of attorney's fees to his ex-wife Mary Sue MacCallum. We affirm the trial court's judgment in part and reverse and render it in part.

Pete and Mary Sue were divorced on October 27, 1987. Mary Sue was appointed managing conservator of their two sons, Peter (born 2/20/81) and Luke (born 11/09/82), and Pete was appointed possessory conservator. The court's order set child support at $865.00 a month and set out Pete's visitation rights with his sons. On January 31, 1989, the court entered an order clarifying the final divorce decree. The order clarified and extended the time allowed with either parent on Mother's Day, on Father's Day and in the summer.

On May 8, 1989, Pete filed a motion to modify the child support. He amended the motion on August 24, 1989. The amended motion sought (1) a reduction in child support, (2) an increase in Pete's periods of possession with his sons and (3) dissolution of the clarifying order dealing with possession, which was allegedly signed by the judge ex parte on January 31, 1989.

Mary Sue's answer was a general denial with a plea for attorney's fees and expenses through final judgment. After a hearing, the trial court denied the motion, awarded Mary Sue attorney's fees, and entered an order placing restrictions on the activities of the boys when they visited Pete. Subsequently, pursuant to Pete's request, the trial court entered specific findings of fact. Additionally, the court found that Pete had caused his children to operate farm equipment and to be involved in the mixing and application of dangerous farm chemicals, such as herbicides and pesticides. The court's final findings were that Mary Sue was entitled to attorney's fees of $1,680 for the trial and $3,500 in the event of appeal.

## MODIFICATION OF CHILD SUPPORT AND VISITATION

■ "[T]he best interest of the child" shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to a child. *Weimer v. Weimer*, 788 S.W.2d 647, 650 (Tex.App.—Corpus Christi 1990, no writ); Texas Family Code Ann. § 14.07(a) (Vernon 1986). Trial courts have wide discretion in determining the best interests of the child. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982); *Weimer*, 788 S.W.2d at 650. The trial court's judgment regarding what serves the best interest of the children with regard to child support and visitation, specifically the establishment of terms and conditions of the conservatorship, is a discretionary function of the trial court and will only be reversed if we conclude that the trial court has abused its discretion. *Oglesby v. Silcott*, 620 S.W.2d 820, 824–25 (Tex.Civ.App.—Tyler 1981, no writ); *see also Klise v. Klise*, 678 S.W.2d 545, 547 (Tex.App.—Houston [14th Dist.] 1984, no writ); *White v. Adcock*, 666 S.W.2d 222, 225 (Tex.App.—Houston [14th Dist.] 1984, no writ). "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper*, 801 S.W.2d 108, —— (1990) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985)).

Pete raises nine points of error related to child support and visitation. His first seven points relate to the trial court's denial of his motion for modification of child support. His eighth and ninth points relate to the trial court's refusal to modify visitation and the trial court's order of restrictions on visitation. We can reverse on any of those points only in the event of an abuse of discretion on the part of the trial court.

## A. CHILD SUPPORT

By his first point of error, Pete contends that the trial court erred in denying a reduction in child support on the grounds

that he had failed to present adequate evidence of change in circumstances. He argues that a preponderance of the evidence shows that there was a change in the circumstances. He also argues that the Legislative Guidelines of Tex.Fam.Code Ann. may constitute a change in circumstances and that they create a rebuttable presumption. Pete argues these same grounds in his second point of error in which he challenges the trial court's finding of fact number one that he had presented no evidence of a change in circumstances.

A showing of a material and substantial change of circumstances is required in an motion to modify child support. This is so because an action to modify child support is governed by Tex.Fam.Code Ann. § 14.08(c)(2) (Vernon Supp.1990) (1987 version amended by Acts 1989, 71st Leg., ch. 371, § 6, eff. Sept. 1, 1989). This section provides:

> After a hearing, the court may modify an order or portion of a decree that provides for the support of a child *if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of its rendition,* except that a support order may be modified only as to obligations accruing after the earlier of the date of service of citation or an appearance on the motion to modify. (emphasis ours).

■ In determining whether a modification in child support payments is appropriate, the trial court should examine the circumstances of the child and parents at the time the prior decree was rendered in relation to the circumstances existing at the time the prior order is sought to be modified. *S.A.B.S. v. H.B.,* 767 S.W.2d 860, 862 (Tex.App.—Corpus Christi 1989, no writ). Therefore, evidence regarding the parents' financial circumstances or the child's financial circumstances and needs at the time of the divorce and the time of the modification hearing should be presented to the trial court such that the trial court can determine whether the circumstances of the child or the parties affected by the decree have materially and substantially

changed since the date of the decree sought to be modified. *See Id.* Succinctly, Pete had to show: (1) his financial circumstances existing as of the time of the order sought to be modified and the conditions existing as of the time the motion for modification was filed or (2) the financial circumstances and needs of his sons existing at the time the order was signed and currently.

■ The record shows that Pete admitted that his gross income increased. The evidence presented by Pete and his CPA showed that *all* of Pete's monthly expenses, except for monthly health insurance and food expenses, were considered business expenses and deducted from Pete's gross income of $115,693.00. Those "business" expenses which were deducted included Pete's home telephone, utility, housekeeping, pet, entertainment, and transportation expenses. The court could have inferred that Pete's business expense deductions were "padded" and that the remaining $420.00 per month, which he claimed was all that he had available from which to pay child support, was not a trustworthy or credible figure. In light of such evidence and considering the mandate that the best interest of the child is the primary consideration of the trial court, we cannot say that the trial court abused its discretion in finding that no evidence was presented sufficient to prove a change of circumstances. Notwithstanding our finding of no abuse of discretion on the trial court's part, we note that Pete did not present any evidence regarding the past and present financial circumstances and needs of his sons.

In his argument related to all his points of error challenging the trial court's judgment denying modification of child support, Pete places great reliance on the child support guidelines in the Family Code, arguing that these guidelines mandate a modification of his child support obligation. The child support guidelines create a rebuttable presumption that an order entered pursuant to the guidelines is correct and is in the best interest of the child. *See* § 14.055. Pete's argument presumes that the trial

court is required to apply the rebuttable presumption that an order in compliance with the guidelines is reasonable and in the best interest of the child. *See* Tex.Fam. Code Ann. § 14.055 (Vernon Supp.1990). In modification of previous orders, however, the use of the rebuttable presumption is discretionary, not mandatory. *See* Tex. Fam.Code Ann. § 14.056. Section 14.056 of the Family Code provides that the trial court *may* consider the guidelines for the support of a child in the Family Code to determine whether there had been a material and substantial change in circumstances under § 14.08(c)(2) of the Family Code that may warrant a modification of an existing child support; if the amount of child support contained in the order is not in substantial compliance with the guidelines, this may warrant a modification of a prior order in accordance with the guidelines if the modification is in the best interest of the child. Tex.Fam.Code Ann. § 14.056(a) (Vernon Supp.1990).

■ The fact that the trial court could consider the guidelines does not change Pete's burden of proof or create elements that establish the need for modification. Under the circumstances of this case, we find no abuse of discretion on the part of the trial court in failing to reduce child support on the basis of the guidelines. We overrule Pete's first and second points of error.

■ Pete's third point of error challenges the trial court's second finding that he did not produce evidence showing a change in his income; he contends that the uncontradicted evidence presented by his accountant showed that his income had declined. In our discussion under points of error one and two, we reviewed the evidence related to income as an element of Pete's burden of proof to show a substantial change of circumstances. Our determination under points of error one and two, that the trial court's finding that no evidence was presented sufficient to prove a change in circumstances was not an abuse of discretion, is dispositive of the issue of modification of child support and the in-

come element of Pete's burden of proof. We overrule Pete's third point of error.

Pete's fourth through seventh points of error all concern the trial court's determination of the amount of child support due. The court found that the amount of net resources available to Pete per month was $3,460.00, calculated on the benefits paid to and for Pete by Pete's company, including such things as vehicles, oil, gas, and maintenance, insurance, travel and entertainment, housekeeping expenses, and care of Pete's horses, farm stock and pets. Based on this amount of resources available, the court found that the amount of child support payments per month computed pursuant to § 14.055 of the Family Code was $865.00 and that amount is twenty-five percent of Pete's net resources.

By his fourth and fifth points of error, Pete contends that there is no evidence or insufficient evidence to support the trial court's finding that the amount of net resources available to him per month was $3,460.00. By his seventh point of error, Pete contends that the trial court erred in not reducing his child support payments to $420 per month. By his sixth point of error, he contends that the court's calculation pursuant to § 14.055 is erroneous because the finding of available resources of $3,460.00 is against the great weight and preponderance of the evidence. Section 14.055 provides that in the event the obligor's net resources available is less than $4,000.00 a month, that the child support due for two children presumptively should be 25% of the obligor's net monthly resources. Tex.Fam.Code Ann. § 14.055.

■ The amount of child support awarded in the original judgment of 1987, was $432.50 per son per month, for a total of $865.00 per month. Unlike the court's order denying the motion to decrease child support, the original divorce decree did not contain a finding that the award was based on a certain amount of funds available per month to Pete. We presume that the trial court's finding regarding the amount of monthly net resources available to Pete was an attempt to comply with § 14.057 which requires such a finding in a case in

which child support is contested and the amount is set by the court. The requirement of a finding applies only to orders which set the amount of child support, and we decline to extend § 14.057 to orders denying a motion to modify child support and effectively ordering the continued payment of child support set in the original order. The trial court's finding was unnecessary to the judgment, and the judgment can be supported without this finding.

Nevertheless, we note that included in the evidence is Pete's monthly income/expense sheet for 1989 and his federal income tax return for 1989. As discussed above under points of error one and two, there was also evidence regarding the questionable characterization of some of the expenses which Pete deducted in order to get to his alleged available monthly amount of $420.00 from which he could pay child support. This is evidence of income and expenses from which the court could have calculated that Pete's available monthly net resources were $3,460.00 and not just $420.00.

Pete also contends that the preponderance of the evidence and the legislative guidelines required a reduced support and that there is no pleading, findings or evidence that the court considered child support outside of the guidelines. In our discussion under points one and two, we discussed the effect of the guidelines on modification of child support. That discussion also applies here to dispose of this argument.

There is evidence to support the trial court's finding and a careful review shows that it is sufficient and not against the great weight and preponderance of the evidence. We conclude that the trial court did not abuse its discretion in entering an order in which the determination of the amount of monthly resources available is based on the amount of child support ordered in the original decree and in which the monthly amount of child support due remains unchanged. We overrule Pete's fourth, fifth, sixth, and seventh points of error.

**B. VISITATION**

By his eighth point of error, Pete contends that the trial court erred in denying his motion to modify periods of possession of his boys. He contends that the change is supported by a preponderance of the evidence and that the legislative guidelines of Tex.Fam.Code Ann. § 14.033(k) and (o) provide a rebuttable presumption in his favor which was not overcome by the evidence.

Modification of possession and access to a minor child is governed by §14.033(o). This section states:

Modification. The court may consider the guidelines to determine if there had been a material and substantial change in circumstances or if the order has become unworkable or inappropriate under Section 14.08(c)(3) of this code in determining whether a modification of the existing order for possession of or access to a child by a parent is in the best interest of the child.

Subsection (k) provides that there is a rebuttable presumption that the "standard order" set forth in the section provides the reasonable minimum possession of a child by a parent named as possessory conservator and that the order is in the best interest of the child. Tex.Fam.Code Ann. § 14.033(k). A court may determine that these guidelines are unworkable and not in the best interest of the child but if the court does so, it must state in the order the specific reasons for all deviations from the standard possession order. *Id.*

Pete had the burden to establish either that the previous order was not in compliance with the guidelines and that the trial court had not specified the reasons for the deviation or that there was a material and substantial change in circumstances and that the previous order on visitation had become unworkable. *See Blanco v. Garcia,* 767 S.W.2d 896, 898 (Tex.App.— Corpus Christi 1989, no writ). Further, Pete had the burden to establish that granting his motion was in the best interests of the boys. *See Weimer,* 788 S.W.2d at 650–51.

Neither Pete's visitation schedule under the original divorce decree and the clarifying order nor his requested visitation schedule in his motion are the same as the visitation schedule in the guidelines. A careful review of the visitation schedule set forth in the original divorce decree and the clarifying order indicates that it varies only slightly from the visitation schedule in the guidelines and that, in some instances, the decree and the order provide Pete more time than is allowed under the guidelines. Pete's requested visitation schedule contained the holiday Halloween, which is not in the legislative guidelines, and visitation times which were consistent with the guidelines. The original schedule was closer to the guidelines than was Pete's requested schedule.

Further, Pete testified that he had never missed a visitation with his sons. He provided no evidence that the previous visitation order was unworkable or that there had been a substantial change in circumstances, such as a change in work schedule.

Considering that Pete did not meet his burden of proof and did not establish that the change was in the best interest of the boys, we conclude that the trial court did not abuse its discretion in refusing to modify Pete's visitation schedule. Accordingly, we overrule Pete's eighth point of error.

By his ninth point of error, Pete contends that the trial court erred in placing restrictions on the scope of the boys visitations. Specifically, he complains that the court erred in ordering that he not allow either of the children to operate farm equipment or in any way be involved in the mixing or application of herbicides, pesticides or other farm chemicals during any period of visitation until the children are at least fourteen years of age. He contends that there are no pleadings to support such an order, that the order is not supported by a preponderance of the evidence, and that the order violates the rights and duties awarded him as a possessory conservator pursuant to Tex.Fam.Code Ann. § 14.04 (Vernon 1989). Section 14.04 gives the possessory conservator, among other things, the duties of care, control, protection, and reasonable discipline of the child, subject to any limitations expressed in the decree. *See* Tex.Fam.Code Ann. § 14.04(a)(1)

Pleadings are of little importance in child custody cases and the trial court's efforts to exercise broad, equitable powers in determining what will be best for the future welfare of a child should be unhampered by narrow technical rulings. *Reid v. Horton*, 278 S.W.2d 626, 628 (Tex.Civ.App. —Amarillo 1954, writ ref'd n.r.e.); *see also Leithold v. Plass*, 413 S.W.2d 698 (Tex. 1967); *Boriack v. Boriack*, 541 S.W.2d 237, 242 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd).

Further, we note that it is within the trial court's discretion to place conditions on visitation without pleadings requesting such conditions. *See Oglesby*, 620 S.W.2d at 825. In *Oglesby*, the trial court granted a motion to modify and appointed appellant possessory conservator but conditioned visitation on appellant posting a bond; there were no pleadings requesting such a condition. *See Oglesby*, 620 S.W.2d at 824–25.

In this case, the trial court heard that Pete instructed his sons how to operate the tractor and allowed them to drive it with the plow attached. Pete further contended that the boys were constantly schooled in the proper operation of farm equipment. There was also evidence that Pete was training both boys in the proper application of herbicides, some of which are dangerous and deadly chemicals. Currently, Peter is nine years old and Luke is eight years old.

Although this court has previously held that a motion to modify is the exclusive method to modify the terms and conditions of access to or possession of the child, *See S.A.B.S. v. H.B.*, 767 S.W.2d 860 (Tex.App. —Corpus Christi 1989, no writ); *Gawlik v. Gawlik*, 707 S.W.2d 256, 260 (Tex.App.— Corpus Christi 1986, no writ); *In the Interest of Vasquez*, 666 S.W.2d 649, 651 (Tex. App.—Corpus Christi 1984, no writ), the condition in question in this case does not concern or limit access to or possession of the child. The restriction concerns the ac-

tivities of the children while in the possession of the father.

The trial court merely imposed a permissible condition on the activities of the children during the periods of Pete's access and possession. No pleadings were necessary for the imposition of this condition, a condition which the trial court deemed was needed to protect the best interest of the children. From the evidence adduced, the trial court could have reasonably concluded that the operation of farm equipment and the handling of chemicals before the boys reached the age of fourteen years was not in the best interest of the minor children. The condition does not violate the rights and duties of a possessory conservator because § 14.04 of the Family Code provides and contemplates for limitations on those rights and duties. We conclude that the trial court did not abuse its discretion in ordering such a condition. We overrule Pete's ninth point of error.

### ATTORNEY'S FEES

By his tenth and eleventh points of error, Pete challenges the trial court's awards of attorney's fees to Mary Sue. In its judgment, the trial court awarded Mary Sue $1,680 in attorney's fees for the hearing and $3,500 in the event of an appeal to this court. By his tenth point of error, Pete contends that the $3,500 award is not supported by the evidence or the pleadings. He further claims that the award of appellate attorney's fees should be contingent upon her success on appeal.

Under § 11.18(a) of the Tex.Fam. Code Ann. (Vernon 1986), the court has discretion to tax attorney's fees as costs. *Klaver v. Klaver*, 764 S.W.2d 401, 405 (Tex.App.—Fort Worth 1989, no writ). In order to be entitled to a discretionary award of attorney's fees the movant must affirmatively plead for them unless the issue is waived or tried by consent. *Id.*

Mary Sue pleaded for attorney's fees through "final judgment;" she did not plead for attorney's fees in the event of appeal. All of the evidence related to attorney's fees specifically concerned the time involved in preparation for the hearing on the motion to modify. No evidence was presented regarding the amount of attorney's fees on appeal. It cannot be said that the issue of attorney's fees upon appeal was tried by consent. Under the circumstances, Mary Sue is not entitled to attorney's fees on appeal. We sustain Pete's tenth point of error.

By his eleventh point of error, Pete contends that the award of $1680.00 is not reasonable and there is insufficient evidence to support the finding. Section 11.-11(a)(5) of the Tex.Fam.Code Ann. authorizes the interim award of attorney's fees in suits affecting the parent-child relationship, including modification suits. Section 11.18(a) of the Family Code authorizes an award of attorney's fees to modify support. *Thompson v. Thompson*, 572 S.W.2d 761, 766 (Tex.Civ.App.—Tyler 1978, no writ). The award of such attorney's fees is left to the discretion of the trial court. *Id.*

The evidence at trial regarding Mary Sue's attorney's fees as a result of the hearing on the motion to modify support was specific. Her attorney testified regarding his experience and his charges of $175 per hour. He also testified regarding the services he provided for her related to hearing and that the services were necessary to the case. According to the attorney, his total fees in this case were $2,161 and were reasonable. There was no evidence to the contrary.

This evidence is sufficient to support the trial court's finding and award of attorney's fees of $1,680. We conclude that the trial court did not abuse its discretion in awarding such fees. Accordingly, we overrule Pete's eleventh point of error.

The trial court's judgment is reversed and rendered with regard to the award of attorney's fees on appeal and affirmed in all other regards.