CV5-281.URIAS.KB 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00281-CV







Denise Urias, Appellant



v.



Ronnie Blanco Meza, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT


NO. C-94-0683-F, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING







PER CURIAM


 Denise Urias and Ronnie Meza were divorced on February 7, 1995. The trial court
appointed Meza sole managing conservator of their two minor children. By one point of error,
Urias contends that the trial court erred by naming Meza sole managing conservator of their two
children. We will affirm the trial-court judgment.

 The best interest of the children is the trial court's primary consideration when
determining questions of conservatorship. Act of May 14, 1991, 72nd Leg., R.S., ch. 161 § 3,
1991 Tex. Gen. Laws 771 (effective April 20, 1995, former Tex. Fam. Code § 14.07(a)
recodified at Tex. Fam. Code Ann. § 153.002 (West 1996)); Roosth v. Roosth, 889 S.W.2d 445,
451 (Tex. App.--Houston [14th Dist.] 1994, writ denied). Trial courts have broad discretion to
determine what serves the best interest of the children. Gillespie v. Gillespie, 644 S.W.2d 449,
451 (Tex. 1982); MacCallum v. MacCallum, 801 S.W.2d 579, 582 (Tex. App.--Corpus Christi
1990, writ denied). A conservatorship order will be reversed only if it appears from the record
as a whole that the trial court abused its broad discretion. Id. The test for an abuse of discretion
is whether the trial court's actions were arbitrary and unreasonable and without regard to guiding
rules or principles of law. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990) (citing Downer
v. Aquamarine Operators Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)). The fact that a trial court
may have decided a matter within its discretionary authority differently than this Court would have
decided in similar circumstances does not demonstrate that the trial abused its discretion. 
Downer, 701 S.W.2d at 242.

 An appellant must either comply with Texas Rule of Appellate Procedure 53(d) or
file a complete statement of facts; otherwise it is presumed that the omitted portions are relevant
to the disposition of the appeal. (1) Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990). 
Neither a statement of facts nor a partial statement of facts from the trial court's proceeding has
been filed with this Court. Urias filed a motion in this Court seeking an extension of time to file
the statement of facts from the trial court proceeding. We granted Urias' motion and gave her
until October 5, 1995, to file the statement of facts. The statement of facts has never been
received by this Court and Urias did not timely file a second motion for an extension of time. See
Tex. R. App. P. 54(c).

 The party asserting that the trial court erred bears the burden of presenting a
sufficient record to the appellate court showing an error that requires reversal. Tex. R. App. P.
50(d); Pope v. Stephenson, 787 S.W.2d 953, 954 (Tex. 1990). A reviewing court must examine
the entire record in a case to determine whether an error if any was reasonably calculated to cause
and probably did cause the rendition of an improper judgment. Christiansen, 782 S.W.2d at 843. 
When an appellant has neither complied with rule 53(d) nor filed a complete statement of facts,
the reviewing court is unable to ascertain whether a particular ruling by the trial court is harmful
in the context of the entire case. A reviewing court cannot find reversible error in the absence
of a complete record. Id.

 Because Urias failed to file a statement of facts with this Court, we presume that
the evidence presented to the trial court supports the judgment. Ward v. Lubojasky, 777 S.W.2d
156, 157 (Tex. App.--Houston [14th Dist.] 1989, no writ) (citing Mays v. Pierce, 281 S.W.2d 79,
82 (Tex. 1955)). Though Urias details some of the testimony presented before the trial court in
her brief to this Court, we can only consider the record as filed. Mitchison v. Houston Indep.
Sch. Dist., 803 S.W.2d 769, 771 (Tex. App.--Houston [14th Dist.] 1991, writ denied). We
conclude that Urias has failed to show that the trial court abused its discretion by ordering that
Meza be the sole managing conservator of their children. We overrule Urias' point of error and
affirm the trial court's judgment.


Before Justices Powers, Jones and B. A. Smith

Affirm

Filed: June 12, 1996

Do Not Publish
1.   If appellant requests or prepares a partial statement of facts, she shall include in her
request or proposal a statement of the points to be relied on and shall thereafter be
limited to such points. If such a statement is filed, there shall be a presumption on appeal
that nothing omitted from the record is relevant to any of the points specified or to the
disposition of the appeal. Any other party may designate additional portions of the
evidence to be included in the statement of facts. Tex. R. App. 53(d). 



 trial court's primary consideration when
determining questions of conservatorship. Act of May 14, 1991, 72nd Leg., R.S., ch. 161 § 3,
1991 Tex. Gen. Laws 771 (effective April 20, 1995, former Tex. Fam. Code § 14.07(a)
recodified at Tex. Fam. Code Ann. § 153.002 (West 1996)); Roosth v. Roosth, 889 S.W.2d 445,
451 (Tex. App.--Houston [14th Dist.] 1994, writ denied). Trial courts have broad discretion to
determine what serves the best interest of the children. Gillespie v. Gillespie, 644 S.W.2d 449,
451 (Tex. 1982); MacCallum v. MacCallum, 801 S.W.2d 579, 582 (Tex. App.--Corpus Christi
1990, writ denied). A conservatorship order will be reversed only if it appears from the record
as a whole that the trial court abused its broad discretion. Id. The test for an abuse of discretion
is whether the trial court's actions were arbitrary and unreasonable and without regard to guiding
rules or principles of law. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990) (citing Downer
v. Aquamarine Operators Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)). The fact that a trial court
may have decided a matter within its discretionary authority differently than this Court would have
decided in similar circumstances does not demonstrate that the trial abused its discretion. 
Downer, 701 S.W.2d at 242.

 An appellant must either comply with Texas Rule of Appellate Procedure 53(d) or
file a complete statement of facts; otherwise it is presumed that the omitted portions are relevant
to the disposition of the appeal. (1) Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990). 
Neither a statement of facts nor a partial statement of facts from the trial court's proceeding has
been filed with this Court. Urias filed a motion in this Court seeking an extension of time to file
the statement of facts from the trial court proceeding. We granted Urias' motion and gave her
until October 5, 1995, to file the statement of facts. The statement of facts has never been
received by this Court and Urias did not timely file a second motion for an extension of time. See
Tex. R. App. P. 54(c).

 The party asserting that the trial court erred bears the burden of presenting a
sufficient record to the appellate court showing an error that requires reversal. Tex. R. App. P.
50(d); Pope v. Stephenson, 787 S.W.2d 953, 954 (Tex. 1990). A reviewing court must examine
the entire record in a case to determine whether an error if any was reasonably calculated to cause
and probably did cause the rendition of an improper judgment. Christia