In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00158-CR


______________________________




JIM T. BROWN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 01-0105X




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Jim T. Brown was charged in two counts of a single indictment with intoxication
manslaughter and failure to stop and give information and render aid after an accident
involving bodily injury or death. See Tex. Pen. Code Ann. § 49.08 (Vernon Supp. 2002);
Tex. Transp. Code Ann. § 550.021(c) (Vernon 1999). Brown pled guilty to each count
before a jury, and the jury assessed his punishment at twelve years' imprisonment for the
intoxication manslaughter offense and five years' imprisonment for the failure to stop and
give information and render aid offense. The trial court ordered Brown's sentences to run
concurrently and adjudged restitution in the amount of $90,000.00.

 The record shows the trial court pronounced sentence January 31, 2002. Brown
filed a motion for new trial March 4, 2002. Rule 26.2(a)(2) requires the notice of appeal to
be filed "within 90 days after the day sentence is imposed or suspended in open court if
the defendant timely files a motion for new trial." Tex. R. App. P. 26.2(a)(2).

 The motion for new trial was timely, see Tex. R. App. P. 4.1(a) (if the last day of a
period is on a Saturday, Sunday, or legal holiday, the period is extended to the end of the
next day that is not a Saturday, Sunday, or legal holiday), making the notice of appeal due
by May 1, 2002. Brown's notice of appeal was filed June 20, 2002. (1) Therefore, the notice
of appeal is untimely and this Court is without jurisdiction over the appeal. Olivo v. State,
918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

 The appeal is dismissed for want of jurisdiction.


 Donald R. Ross

 Justice


Date Submitted: September 17, 2002

Date Decided: September 18, 2002


Do Not Publish


1. The record also shows the trial court entered a judgment nunc pro tunc
February 15, 2002. The judgment nunc pro tunc corrected the original judgment to show
the jury made an affirmative deadly weapon finding. Had the notice of appeal been filed
ninety days from the date of the nunc pro tunc judgment, this Court would have jurisdiction
to consider only the validity of the nunc pro tunc judgment. See Jones v. State, 795
S.W.2d 199, 202 n.6 (Tex. Crim. App. 1990). However, the notice of appeal was also
untimely with respect to the nunc pro tunc judgment.


en (one of whom has since turned eighteen) and simultaneously stopped making
the payments on the house and its expenses.

 A. Standard of Review 

 The Texas Family Code allows courts to modify child support orders whenever there has
been a material and substantial change in the circumstances of the child, or of a person affected by
a support order. Tex. Fam. Code Ann. § 156.401(a) (Vernon 2008); Nordstrom v. Nordstrom, 965
S.W.2d 575, 578 (Tex. App.--Houston [1st Dist.] 1997, pet. denied). Therefore, evidence regarding
the parents' or the child's financial circumstances or the child's needs at the time of the divorce and
the time of the modification hearing should be presented to the trial court so that the trial court can
determine that the requisite material and substantial change has occurred. MacCallum v.
MacCallum, 801 S.W.2d 579 (Tex. App.--Corpus Christi 1990, writ denied). 

 Should the requisite changed circumstances appear, the court may then alter the child support
obligation. Farish v. Farish, 921 S.W.2d 538, 541 (Tex. App.--Beaumont 1996, no pet.). A court's
child support order will not be disturbed on appeal unless the complaining party shows that the order
constituted a clear abuse of the court's discretion. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.
1990); In re J.D.D., 242 S.W.3d 916, 919 (Tex. App.--Dallas 2008, pet. denied). The test is
whether the court acted arbitrarily or unreasonably, without reference to any guiding rules and
principles. Simon v. York Crane & Rigging Co., 739 S.W.2d 793 (Tex. 1987).

 Michelle argues that the trial court committed reversible error by modifying support, and
mentions, though without arguing, that there was no evidence of the party's expenses, or "about the
best interest of the child whose support was at issue." She also complains that the record did not
indicate what child support Sam is now to pay or from which source it should come. 

 B. The Amount of Support 

 Taking the arguments in reverse, we note that the order specifies that Sam is to pay $750.00
per month in child support. Michelle seems to argue that the order is ambiguous because that
amount may be in addition to the monthly amount of $498.48 that a separate document (a
withholding directive) states is to be withheld from his salary from the Harrison County Sheriff's
Office. (The reporter's record indicates that the amount being withheld has since been lowered to
$331.58 because one of the children is no longer a minor.) The argument appears to be that the
$750.00 is for child support from a trust from which Sam is paid, in addition to the amount withheld
from his pay from the sheriff's office. 

 This is a misreading of the documents. The controlling document is the court's order. That
order states that Sam must pay $750.00 per month in child support. The withholding document
contained in our record is from the prior order, and the fact that it is for less than the monthly total
means only that Sam must make up the difference in ordered support from some other source. 
Although Michelle argues that this is in addition to other money that Sam is required to pay, the
order does not support that position, but in fact directs that any balance due after the withholding is
an obligation of Sam's which he is required to pay. 

 C. Sufficiency of Evidence of Change of Circumstances 

 Michelle also argues very briefly that although the parties acknowledged the "back and forth"
residence of the younger child, Sam provided no evidence of the changes in economic circumstances
of any party, that there was no evidence of any party's expenses at the time of divorce or at the time
of trial, and no evidence about the best interest of the child whose support was at issue. 

 Section 156.401 of the Texas Family Code allows a court to modify an order that provides
for the support of a child if "the circumstances of the child or a person affected by the order have
materially and substantially changed since . . . the date of the order's rendition." Tex. Fam. Code
Ann. § 156.401(a)(1)(A). In determining whether a modification of support is necessary, the trial
court is to examine and compare the circumstances of the parents and any minor children at the time
of the initial order, with the circumstances existing at the time modification is sought. In re C.C.J.,
244 S.W.3d 911, 918 (Tex. App.--Dallas 2008, no pet.). The trial court is given broad discretion
in setting child support payments and in modifying those payments. Id.; Nordstrom, 965 S.W.2d at
578. The record must contain both historical and current evidence of the relevant person's financial
circumstances. As courts have pointed out, without both sets of information, the court has nothing
to compare and cannot determine whether a material and substantial change has occurred. London
v. London, 192 S.W.3d 6, 15 (Tex. App.--Houston [14th Dist.] 2005, pet. denied). 

 The court in this case made multiple findings:

 1. The application of the guidelines would be unjust or inappropriate

 2. The evidence rebuts the presumption that application of the guidelines is in
the best interest of the child and justifies a variance from the guidelines.

 3 The amount of child support ordered by the Court is justified by the factors
set forth in section 154.123 of the Texas Family Code.

 The Texas Family Code allows the trial court to deviate from the guidelines for child support
for various reasons after considering relevant factors. Tex. Fam. Code Ann. § 154.123 (Vernon
2008). Specifically, the court may consider debts or debt service assumed by either party and the
amount of the time of possession and access to the child. Tex. Fam. Code Ann. § 154.123(b)(4),
(16). Here, the trial court found that Michelle's expenses were lowered by her decision to abandon
the family residence and leave it to the questionable mercy of creditors. The court also noted that
the child spent more than sixty percent of her time with Sam, that healthcare insurance and payment
of the child's medical expenses had been largely assumed by Sam, and that he had assumed over
$1,300.00 per month in debts originally assigned to Michelle. 

 The record contains evidence to support these findings. There is evidence that Sam kept the
child nearly two-thirds of the time, that he purchased what was necessary for her, and that Michelle
had, after falling at least two months delinquent in payments on the family residence, moved out. 
There is evidence that the payments had been set as they were to allow Michelle to make the
payments on those properties and on a year-old pickup truck which was repossessed. She now lives
with her boyfriend with minimal or no living expenses, and the natural result of her behavior was
to require Sam to catch up the payments that she had failed to make, as well as keeping the payments
current. (Of course, he could have allowed the property to be foreclosed, but would still be liable
for any deficiency.) 

 The trial court entered findings of fact in which several of the relevant factors for deviating
from the standard child support order were considered. However, the trial court did not make a
finding regarding the percentage of net resources actually used in establishing the child support
order. See Tex. Fam. Code Ann. § 154.130(b) (requiring trial court to enter such a finding if
amount of child support ordered varies from standard guidelines). We have attempted to extrapolate
from the evidence that information. The evidence shows that Sam's trust income for the previous
year was $84,000.00, or an average of $7,000.00 per month. According to the Texas Family Code
chart, that gross amount results in a net resource, after proper deductions, of $5,194.81. His
employer has been ordered to withhold $331.58 per month which, based on twenty percent
withholding for one child, would result in a net resource for his job of approximately $1,650.00
per month. Jointly, his net monthly resources for child support purposes is $6,844.81, twenty percent
of which would be $1,368.96. The trial court ordered him to pay $750.00 per month, or
approximately eleven percent of his net resources. So the deviation appears to be approximately
$619.00 per month, a nine percent deviation. The trial court found that Sam had increased his
monthly expenses by more than $1,300.00 since the divorce by assuming the house payments and
related debts that Michelle was previously required to pay and that Michelle had in turn substantially
reduced her expenses. This occurred despite the fact that the divorce decree awarded to Michelle
as her sole and separate property the real property described as "335 Whispering Pines, Marshall,
Texas 75672." (1) 

 The evidence of the monetary position of each of the parties now compared to that when the
divorce was granted is sufficient to allow the court to make its ruling and to support its findings. The
trial court did not abuse its discretion by modifying support.

 We affirm the judgment. 


 Jack Carter

 Justice


Date Submitted: June 16, 2009

Date Decided: June 23, 2009


1. At other places in the divorce decree, the home address is shown to be in "Hallsville, Texas,
75650."