

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00010-CV
_____

IN THE INTEREST OF K.R.L., A CHILD

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 07-0371

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Michelle Lavender appeals a modification of a child support order and argues that the trial court abused its discretion in reducing the child support order. We affirm the judgment of the trial court.

## I. The Divorce Decree

Sam and Michelle Lavender divorced on July 3, 2007, by an agreed decree of divorce which provided that Sam would pay child support, divided property, and apportioned responsibility for debts. As part of that agreement, Sam agreed to pay substantial child support with the agreement that Michelle would live with the children in the family residence and make payments on the property and for expenses associated with the residence. From his salary as a deputy sheriff, Sam was ordered to pay what appears to be the amount established by the child support guidelines ($414.98 beginning October 1, 2007, reduced to $331.58 when the oldest child is no longer eligible for support). Additionally, he was ordered to pay twenty-five percent of monies received from a trust fund after he deducted twenty-five percent for taxes.

## II. Motion to Modify Support

The parties and attorneys appeared before the trial court a year later on Sam's motion to modify. The evidence was presented in a unique manner. The parties agreed that each side would present an offer of proof consisting of the attorneys' statements of fact rather than formal proof. The trial court accepted this procedure and ultimately based factual findings thereon. As this procedure

2

was approved at the trial court, there is no complaint on this appeal concerning this conduct. Thus, we will likewise consider these offers as evidence in the case.

There is evidence that within a very short period of time, Michelle moved out of the house with the two children (one of whom has since turned eighteen) and simultaneously stopped making the payments on the house and its expenses.

### A.    Standard of Review

The Texas Family Code allows courts to modify child support orders whenever there has been a material and substantial change in the circumstances of the child, or of a person affected by a support order. TEX. FAM. CODE ANN. § 156.401(a) (Vernon 2008); *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 578 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). Therefore, evidence regarding the parents' or the child's financial circumstances or the child's needs at the time of the divorce and the time of the modification hearing should be presented to the trial court so that the trial court can determine that the requisite material and substantial change has occurred. *MacCallum v. MacCallum*, 801 S.W.2d 579 (Tex. App.—Corpus Christi 1990, writ denied).

Should the requisite changed circumstances appear, the court may then alter the child support obligation. *Farish v. Farish*, 921 S.W.2d 538, 541 (Tex. App.—Beaumont 1996, no pet.). A court's child support order will not be disturbed on appeal unless the complaining party shows that the order constituted a clear abuse of the court's discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re J.D.D.*, 242 S.W.3d 916, 919 (Tex. App.—Dallas 2008, pet. denied). The test is

3

whether the court acted arbitrarily or unreasonably, without reference to any guiding rules and principles. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793 (Tex. 1987).

Michelle argues that the trial court committed reversible error by modifying support, and mentions, though without arguing, that there was no evidence of the party's expenses, or "about the best interest of the child whose support was at issue." She also complains that the record did not indicate what child support Sam is now to pay or from which source it should come.

### B.    The Amount of Support

Taking the arguments in reverse, we note that the order specifies that Sam is to pay $750.00 per month in child support. Michelle seems to argue that the order is ambiguous because that amount may be in addition to the monthly amount of $498.48 that a separate document (a withholding directive) states is to be withheld from his salary from the Harrison County Sheriff's Office. (The reporter's record indicates that the amount being withheld has since been lowered to $331.58 because one of the children is no longer a minor.) The argument appears to be that the $750.00 is for child support from a trust from which Sam is paid, in addition to the amount withheld from his pay from the sheriff's office.

This is a misreading of the documents. The controlling document is the court's order. That order states that Sam must pay $750.00 per month in child support. The withholding document contained in our record is from the prior order, and the fact that it is for less than the monthly total means only that Sam must make up the difference in ordered support from some other source.

4

Although Michelle argues that this is in addition to other money that Sam is required to pay, the order does not support that position, but in fact directs that any balance due after the withholding is an obligation of Sam's which he is required to pay.

### C. Sufficiency of Evidence of Change of Circumstances

Michelle also argues very briefly that although the parties acknowledged the "back and forth" residence of the younger child, Sam provided no evidence of the changes in economic circumstances of any party, that there was no evidence of any party's expenses at the time of divorce or at the time of trial, and no evidence about the best interest of the child whose support was at issue.

Section 156.401 of the Texas Family Code allows a court to modify an order that provides for the support of a child if "the circumstances of the child or a person affected by the order have materially and substantially changed since . . . the date of the order's rendition." TEX. FAM. CODE ANN. § 156.401(a)(1)(A). In determining whether a modification of support is necessary, the trial court is to examine and compare the circumstances of the parents and any minor children at the time of the initial order, with the circumstances existing at the time modification is sought. *In re C.C.J.,* 244 S.W.3d 911, 918 (Tex. App.—Dallas 2008, no pet.). The trial court is given broad discretion in setting child support payments and in modifying those payments. *Id.*; *Nordstrom*, 965 S.W.2d at 578. The record must contain both historical and current evidence of the relevant person's financial circumstances. As courts have pointed out, without both sets of information, the court has nothing

to compare and cannot determine whether a material and substantial change has occurred. *London v. London*, 192 S.W.3d 6, 15 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

The court in this case made multiple findings:

1. The application of the guidelines would be unjust or inappropriate
2. The evidence rebuts the presumption that application of the guidelines is in the best interest of the child and justifies a variance from the guidelines.
3 The amount of child support ordered by the Court is justified by the factors set forth in section 154.123 of the Texas Family Code.

The Texas Family Code allows the trial court to deviate from the guidelines for child support for various reasons after considering relevant factors. TEX. FAM. CODE ANN. § 154.123 (Vernon 2008). Specifically, the court may consider debts or debt service assumed by either party and the amount of the time of possession and access to the child. TEX. FAM. CODE ANN. § 154.123(b)(4), (16). Here, the trial court found that Michelle's expenses were lowered by her decision to abandon the family residence and leave it to the questionable mercy of creditors. The court also noted that the child spent more than sixty percent of her time with Sam, that healthcare insurance and payment of the child's medical expenses had been largely assumed by Sam, and that he had assumed over $1,300.00 per month in debts originally assigned to Michelle.

The record contains evidence to support these findings. There is evidence that Sam kept the child nearly two-thirds of the time, that he purchased what was necessary for her, and that Michelle had, after falling at least two months delinquent in payments on the family residence, moved out. There is evidence that the payments had been set as they were to allow Michelle to make the

6

payments on those properties and on a year-old pickup truck which was repossessed. She now lives with her boyfriend with minimal or no living expenses, and the natural result of her behavior was to require Sam to catch up the payments that she had failed to make, as well as keeping the payments current. (Of course, he could have allowed the property to be foreclosed, but would still be liable for any deficiency.)

The trial court entered findings of fact in which several of the relevant factors for deviating from the standard child support order were considered. However, the trial court did not make a finding regarding the percentage of net resources actually used in establishing the child support order. *See* TEX. FAM. CODE ANN. § 154.130(b) (requiring trial court to enter such a finding if amount of child support ordered varies from standard guidelines). We have attempted to extrapolate from the evidence that information. The evidence shows that Sam's trust income for the previous year was $84,000.00, or an average of $7,000.00 per month. According to the Texas Family Code chart, that gross amount results in a net resource, after proper deductions, of $5,194.81. His employer has been ordered to withhold $331.58 per month which, based on twenty percent withholding for one child, would result in a net resource for his job of approximately $1,650.00 per month. Jointly, his net monthly resources for child support purposes is $6,844.81, twenty percent of which would be $1,368.96. The trial court ordered him to pay $750.00 per month, or approximately eleven percent of his net resources. So the deviation appears to be approximately $619.00 per month, a nine percent deviation. The trial court found that Sam had increased his

7

monthly expenses by more than $1,300.00 since the divorce by assuming the house payments and related debts that Michelle was previously required to pay and that Michelle had in turn substantially reduced her expenses. This occurred despite the fact that the divorce decree awarded to Michelle as her sole and separate property the real property described as "335 Whispering Pines, Marshall, Texas 75672."[1]

The evidence of the monetary position of each of the parties now compared to that when the divorce was granted is sufficient to allow the court to make its ruling and to support its findings. The trial court did not abuse its discretion by modifying support.

We affirm the judgment.


Jack Carter
Justice

Date Submitted: June 16, 2009
Date Decided: June 23, 2009

---

[1]At other places in the divorce decree, the home address is shown to be in "Hallsville, Texas, 75650."